RONCORONI v. GROSS et al.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. ORDERS—HOW DESIGNATED.

Orders which are orders of the court should be styled as orders of the court, and not as orders of the justice directing their entry.

2. CRIMINAL CONTEMPT—ORDER ADJUDGING ONE GUILTY—SUFFICIENCY.

Under Code Civ. Proc. § 11, providing that, where a person is committed for contempt for a willful disobedience of the lawful mandate of a court,

¶ 2. See Contempt, vol. 10, Cent. Dig. § 208.

"the particular circumstances of his offense" must be set forth in the mandate of commitment, an order adjudging one guilty of violating an injunction, which contains a general statement of the disobedience, but fails to set forth the particular circumstances, is fatally defective.

Appeal from Special Term.

Action by Peter Roncoroni against Rudolph Gross and another, doing business under the firm name of the American Conserve Company. From an order adjudging defendants guilty of a criminal contempt in disobeying an injunctional order, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward Hymes, for appellants.

Louis Steckler, for respondent.

VAN BRUNT, P. J.   Throughout the papers in this case the orders are spoken of as being the orders of the justice who directed their entry. It will be observed that they were not judges' orders, but orders of the court, and should have been styled as such, they not being orders of the justice, but of the court over which he presided. On the 30th of November, 1903, an order was entered in this action enjoining and restraining the defendants during its pendency and until the further order of the court from in any manner using the words "Conserva Di Tomate" as a description of any tomato preserves or paste, etc. It being claimed by the plaintiff that the defendants violated this injunction, on the 11th of December, 1903, an order to show cause was procured requiring them to show cause why they should not be punished as and for a contempt of court because of the violation of the injunction above mentioned. Upon the hearing of this motion evidence amply sufficient to justify the conviction of the defendants of such violation was presented to the court, and thereupon an order was entered granting the motion, and ordering that the defendants, and each of them, be punished as and for a criminal contempt in disobeying the order entered herein on the 30th of November, 1903, and fining the defendants the sum of $100. From this order the defendants have appealed, and the only question which it is necessary to consider upon this appeal is as to the sufficiency of the order adjudging the defendants guilty of contempt; it being claimed that it does not comply with the provisions of the Code in reference to criminal contempts, in that it fails to set out or describe the act or acts constituting the alleged contempt. This objection seems to be well taken. Section 8 of the Code of Civil Procedure defines criminal contempts, under the third subdivision of which section the acts of the defendants would fall; section 9 provides for the punishment for criminal contempts; section 10 provides for the punishment for such contempts when committed in view of the court; and section 11 specifies the requisites of commitment. It is as follows: "Where a person is committed for such a contempt, the particular circumstances of his offence must be set forth in the mandate of commitment." In the case at bar there is a general statement of disobedience of the order of the 30th of November, 1903, but the particular circumstances which constituted such disobedience are nowhere set forth in the order appealed from. The requirements,

therefore, of section 11 of the Code of Civil Procedure, have not been complied with, and the order is improper for that reason.

The order should be reversed, with $10 costs and disbursements, and remitted to Special Term for further action. All concur.