STATE EX REL. JOSEPH V. VOORHEES v. IRA W. SYCK.[1]

February 18, 1938.

No. 31,662.

Gilbert E. Carlson and Josiah A. Baker, for appellant.

[1]Reported in 277 N. W. 926.

HOLT, JUSTICE.

On *certiorari* appellant's conviction of criminal contempt of court was reviewed and affirmed in Reid v. Independent Union of All Workers, 200 Minn. 599, 275 N. W. 300. Thereafter a commitment issued upon that conviction, and the respondent as sheriff under the commitment took appellant into custody, whereupon the district court, on appellant's petition, issued a writ of *habeas corpus*. Upon its return a hearing was had, the writ was discharged, and the petitioner was ordered returned to the custody of respondent. From this order petitioner appeals to this court.

The judgment of conviction was assailed from every angle in the *certiorari* referred to. So that judgment of conviction must be taken as a finality as to all questions presented and therein decided by this court. Appellant's counsel on the oral argument did not contend otherwise. But he does now question the validity of the commitment, in that it does not conform to 2 Mason Minn. St. 1927, § 9752(3). It is clear that the commitment on its face sets out the judgment of conviction *in haec verba*, the conviction which on *certiorari* was sustained against the very same attacks which are now attempted to be made. A commitment which embodies the judgment of conviction must be considered adequate under the statute cited to entitle respondent as sheriff to the custody of appellant until the sentence imposed has been served. We think the offense of criminal contempt is "specially and plainly charged"— unmistakably charged in the commitment. Counsel cites State ex rel. Warfield v. Becht, 23 Minn. 411; Roncoroni v. Gross, 92 App. Div. 366, 86 N. Y. S. 1113; 13 C. J. p. 84, § 128, note 10. The Becht case, insofar as applicable, is against appellant. The Gross case does not turn on the contents of the warrant of commitment. The cases referred to in note 10, § 128, p. 84 of 13 C. J. do not involve a judgment of conviction sustained on appeal and embodied in the commitment attacked.

The order discharging the writ of *habeas corpus* is affirmed.

MR. JUSTICE STONE, because of illness, took no part in the consideration or decision of this case.