Sanders et al v. Plunkett et al.

SANDERS ET AL VS. PLUNKETT ET AL.

1. CERTIORARI: *Jurisdiction of Supreme Court. Appeal.*
The order of a Chancellor at chambers, dissolving an injunction issued by him in vacation, is interlocutory and cannot be quashed by the Supreme Court on *certiorari*, nor appealed from until final judgment in the Circuit Court.

2. INJUNCTION: *Power of Circuit Judge to dissolve in vacation.*
A Circuit Judge has power to dissolve in vacation an injunction ordered by himself in vacation, but the defendant can have no damages on the bond.

PETITION for writ of *Certiorari.*

*Geo. Sibley* for petitioners.

On power or jurisdiction of Judge to dissolve the injunction. *Gantt's Dig., sec's.* 3453, 3454, 3478; *Potter's Dwarris Stat. and Con.,* 333 et seq; 2 *St. of Tenn.,* 1871, *Thompson & Stieger, sec.* 4444; 2 *Cooper's Ch'y. Rep.,* 297; 3 *Dan. Ch'y. Pr.,* 212, sec. 355, (*Law Lib. Ed.*); 1 *Smith Pr.,* 600; 3 *Estees Pl. and Pr.,* 141, sec. 151-4; *Burrill's Law Dic.,* "*Court,*" &c., &c.

In regard to the power of the Court to issue the writ. 1 *Tidd's Pr.* * 397 et seq; *Freeman on Judg., sec's.* 29-30, *p.* 30, 2d Ed.; 5 *Ark.,* 398; 8 *Ib.,* 450; 2 *Ark.,* 92; *Const.* 1874, Art. 7, sec. 4; *Brooks v. Baxter,* 29 *Ark.,* 173; *Syllabus to* 39 *Ark.,* 126.

*S. P. Hughes* for respondents.

*Certiorari* does not lie in Chancery. The order was not a

*final order*, and there can be no appeal, nor will *certiorari* lie. 20 *John.*, 80; 5 *N. Y.*, *S. C.*, (*T. & C.*), 609 *and S. C.*, 3 *Hum.*, 549; 11 *Mich.*, 109; 40 *Cal.*, 479. The only mode of reviewing a decree in Chancery is by appeal. *Sec.* 15, *Art.* 7, *Const.* 1874; 39 *Ark.*, 87, and here no appeal lies.

See also 28 *Ark.*, 87; 6 *Wend.*, 564; 10 *Pick.*, 358; 14 *N. J.*, 141; 2 *Hill*, (*S. C.*) 367; 11 *Pick.*, (*Mass.*) 168; 33 *Wis.*, 678; 46 *Cal.*, 667.

A Chancellor can dissolve injunction in vacation. *Daniels Ch'y. Pr.*, *Vol.* 3, *lateral p.* 1822-3; *Hilliard on Inj.*, *p.* 131, *sec.* 96; 15 *Ala.*, 501; 14 *Gratt.*, 102.

This Court has no jurisdiction. *B. & B. R'y. v. St. L., I. M. & S. R'y.*, 39 *Ark.*

EAKIN, J. The petitioners ask a writ of *certiorari* to bring up and quash the proceedings and order of a Chancellor, in vacation, dissolving an injunction, which he had issued in vacation against the defendants in a case entitled as above.

1. CERTIORARI. Jurisdiction of Supreme Court

Two grounds are urged, upon which the action of this Court is invoked. It is said in the first place, that it appears from the bill in the case, which is exhibited with the petition, that the sole object and purpose of the suit was to obtain the interlocutory injunction—that the object was accomplished by it, and that the dissolution of it is a final disposition of all rights involved in the controversy. Whatever may be the practical result, respecting the facts, we can not regard any mere interlocutory order of a Judge at chambers, made in the cause, as final, in the sense of being subject to appeal. There must be a final order of the Court itself upon the rights of the parties. Interlocutory orders are always subject to the control of the Court, and remain so from term to term until a final adjudication upon the rights of the parties. Then the final order, perpetuating or dis-

Sanders et al v. Plunkett et al.

solving them, becomes subject to appeal. The present application is not an appeal. But it is further urged, with reference to its finality, that, although no appeal can be taken from action in chambers, yet, as the action is final, as regards all practical purposes, and great injustice may be done by compelling the petitioner to await the action of the Circuit Court, this Court should interfere by virtue of its general supervisory powers, which may be exercised through the several writs provided by the Constitution for that purpose, amongst which is the writ of *certiorari*. The result of this doctrine, once admitted, would be that in all cases where the object of a bill would be accomplished by obtaining, or defeated by the refusal of an interlocutory injunction, an application might be made directly to this Court, for original jurisdiction, to determine upon its merits a cause never presented to any Court at all, nor entered upon its records. This under the Constitution can never be permissible.

The second ground is, that the Chancellor had no power at chambers to dissolve an injunction which he had himself ordered from chambers. That the power to order was statutory, and no statute gave the power to dissolve.

Without discussing the general subject of the powers inherent in Chancellors to undo what they have done, after being better advised, we think the statutes themselves confer this power in cases of vacation, or chamber orders for injunction. The power to make them is conferred in plain express language. (*Gantt's Digest, sec's.* 3450 *to* 3458). They are always discretionary, and no limit of time is fixed within which the determination may be made. It would be unreasonable to hold him to his original view of the case on first blush, and if he might recall his order in an hour, why not next day, or a week afterwards. It is not like the judgment of a Court which cannot be altered after the term. And the person in whose favor it was granted cannot be in worse con-

2. INJUNCTION.
Power of Circuit Judge to dissolve in vacation.

dition by the dissolution than he would have been by original refusal, for the defendant urging the dissolution can have no damages on the bond. There is no inconvenience then from the exercise of this power of dissolution, but a very great inconvenience might arise from want of power to correct an improvident injunction.

It would seem that the power to make an order of this provisional and discretionary nature, implies the power to recall it, in all cases where the person on whose motion it was made is, at worst, only placed in *statu quo*, and deprived of an advantage improvidently granted, and which was in the discretion of the Chancellor. But when the dissolving power comes to be exercised by any one else than the same Judge who made the order, then a statute *is* necessary, or very unseemly conflicts might ensue. An express power, for instance, given to a Chancellor to dissolve an injunction ordered by a County Judge, would not give him power to disolve one ordered by another Chancellor, because there might be a clash of discretions between co-ordinate authorities. But it does not follow there is no power to reconsider his own.

The Code provisions for interlocutory dissolutions of interlocutory orders for injunction, made by a Court or Judge, do not always repeat the term "or Judge," but it is not reasonable to construe the Act as intending, in such sections or phrases, to limit the power to the Court in session. All sections *in pari materia* are to be taken together. For instance, it is provided that the party enjoined may, upon reasonable notice, move *the Court* for additional security on the injunction bond, if the security given is insufficient, or has removed from the State, and enables *the Court*, if bond be not given in reasonable time, to vacate the order. It must be a very inconvenient and unjust construction of the Act to take this clause separately, and hold that because

of the omission of the words "or Judge" the defendant must suffer all the loss which might occur to him by an improper injunction for a period of six months, without hope of relief.

That the legislature kept in view, however, the action of a Judge at chambers, in vacating as well as ordering injunctions, is plain from Sec. 3480 of Gantt's Digest, which follows the section regulating motions to dissolve, and in which *the Court* alone had been expressly mentioned. This section returns to the latent idea, and provides that "after hearing the motion, the Court *or Judge* shall overrule the same, or dissolve or modify the injunction, according to the right of the case."

We cannot, therefore, bring up the order of the Chancellor in this case, either to consider of its merits or quash it for want of jurisdiction."

The petition must be refused.