MALLETT v. HAMPTON.

Opinion delivered February 28, 1910.

1. APPEAL AND ERROR—INTERLOCUTORY JUDGMENT.—An order of the circuit judge in vacation sustaining a demurrer to the petition for certiorari is not final, and therefore is not appealable. (Page 120.)

2. SAME—PROCEDURE.—An appeal from an order of the circuit judge in vacation sustaining a demurrer to a petition for certiorari cannot be treated in the Supreme Court as an application for a writ of mandamus to compel· the circuit judge to proceed to try the application for certiorari and ·render a judgment in term time. (Page 121.)

Appeal from Dallas Circuit Court; *Henry W. Wells,* Judge; appeal dismissed.

*Robert Martin* and *Miles & Wade,* for appellant.

*T. B. Morton* and *Rose, Hemingway, Cantrell & Loughborough,* for appellees.

FRAUENTHAL, J. . This is an appeal from the order of the judge of the Dallas Circuit Court, made in vacation, sustaining a demurrer to a petition praying for a writ of certiorari. The purpose of the petition was to secure the issuance of a writ of certiorari directed to the clerk of the county court of Dallas County ordering him to send up a copy of the records and papers relating to the removal of the county seat of said county from Princeton to Fordyce; and seeking to set aside and quash the orders of the county court in said matter relative to the re-

moval of said county seat. Upon the presentation of the petition to the circuit judge the parties appearing in this court as appellees were allowed to be made parties defendants to the petition; and thereupon they filed a demurrer thereto. The circuit judge in vacation proceeded to hear said demurrer, and sustained same. The judge thereupon made an order in which it is stated that, the petitioner "refusing to amend or plead further, it was ordered and adjudged that the petition be dismissed." And from that determination and order of the judge in vacation the petitioner prosecutes this appeal.

It is provided by section 1188 of Kirby's Digest that "the Supreme Court shall have appellate jurisdiction over the final orders, judgments and determinations of inferior courts." Appeals therefore will only lie to this court from the final judgment or decree of an inferior court, and not from any order, judgment or decree made out of court by a judge. In a case of Ex parte *Batesville & Brinkley Rd. Co.,* 39 Ark. 82, it is said: "We understand that the framers of our Constitution, when they speak of 'appellate jurisdiction,' meant the review by a superior court of the final judgment, order or decree of some inferior court. This, if not its common-law sense, was the statutory definition of an appeal, and its signification in the acceptation of American courts at the time of the adoption of the Constitution." In the case of *Sanders* v. *Plunkett,* 40 Ark. 507, a petition was presented to this court asking a writ of certiorari to bring up and quash the proceedings and order of a chancellor in vacation dissolving an injunction which he had previously issued in vacation. In that case the court said: "Whatever may be the practical result respecting the facts, we cannot regard any mere interlocutory order of a judge at chambers made in a cause as final in the sense of being subject to appeal. There must be a final order of the court itself upon the rights of the parties." In that case it was urged that the action was final for all practical purposes, and that great injustice would be done to await the action of the court, and that this court should proceed by virtue of its general supervisory powers. In passing upon that contention the court said: "The result of this doctrine, once admitted, would be that in all cases where the object of the bill would be accomplished by obtaining or defeated by the refusal of an interlocutory injunction, an application might be made

directly to this court * * * to determine upon its merits
a cause never presented to any court at all, nor entered upon its
records. This under the Constitution can never be permissible."
Ex parte *Hawley,* 24 Ark. 596; *Miller* v. *O'Bryan,* 36 Ark. 200.

By section 1315 of Kirby's Digest it is provided that circuit
courts shall have power to issue writs of certiorari to inferior
tribunals of their respective counties. The application for the
writ may be made to the judge in vacation, but the final deter-
mination of the cause must be made by the court; and an appeal
only lies from the judgment of the court made in such action.
It follows that an appeal does not lie in this matter from the
order or judgment of the judge in vacation dismissing the peti-
tion for the writ of certiorari; and this court has acquired no
jurisdiction by such attempted appeal.

It was stated in the oral argument of this case that at the
term of the Dallas Circuit Court following the order of the
judge dismissing the petition, a petition for certiorari in said
proceeding was presented to said circuit court for its ac-
tion, and the court refused to entertain or hear the same, so that
the petitioner could not obtain from the circuit court an order or
judgment upon said petition from which to appeal. It was sug-
gested in the argument that this appeal should be taken and con-
sidered as an application for a mandamus directed to said cir-
cuit court ordering it to exercise its jurisdiction in hearing and
determining said petition; that, inasmuch as the issuance of a
writ of mandamus is a matter of judicial discretion, this court
could determine whether or not the petition for certiorari was
demurrable in passing upon the rights of the petitioner to have
the writ of mandamus awarded; and it was also stated by counsel
that the proper parties to such application for mandamus would
enter their appearance in this court. We have considered this
suggestion with the desire to accommodate the parties to this
litigation with a speedy hearing and determination by this court
of the questions involved therein. But the petition for a writ of
mandamus is an action so different from an appeal from the
order of a judge dismissing a petition for certiorari that we do
not think that this can be done. The proper and orderly pro-
cedure of this court requires that the matters presented for its
hearing and determination should not be by oral suggestion but

by written pleadings. The facts upon which a party relies to obtain relief from the highest court in the State should not rest upon oral statements, but must be presented in a proper written manner. A different holding would result in possible confusion and uncertainty as to the allegations of the parties and the issues presented. Nor can one action be converted into another. Each action must rest upon the pleadings which in the orderly presentation thereof are applicable thereto. It would result in confusion and uncertainty to determine one class of action upon the presentation of a different class. We do not think therefore that the appeal here presented can or should be converted into or considered in the nature of an application for a writ of mandamus against the circuit court.

The appeal is dismissed.