## *Ex parte* SIMMONS.

### Opinion delivered September 30, 1912.

1. INJUNCTION—EFFECT OF TEMPORARY ORDER BY CIRCUIT JUDGE.— Where a circuit judge, in the absence of the chancellor from the county, grants a temporary injunction in a case pending in the chancery court, such order has the same effect as if it had been made by the chancellor, and is subject to be controlled, modified or dissolved by the chancellor in all respects as if issued by him in the first instance. (Page 21.)

2. SAME—VALIDITY OF ORDER DISSOLVING TEMPORARY INJUNCTION.— Where a circuit judge, in the chancellor's absence from the county, granted a temporary injunction at plaintiff's instance, and the chancellor subsequently dissolved the injunction without requiring the defendant to file an answer or to give the ten days' notice, as required by section 3994, Kirby's Digest, such order was not an excess of jurisdiction, but only an erroneous decision. (Page 21.)

3. SAME—DISSOLUTION—EFFECT OF DISOBEDIENCE OF INJUNCTION.— Where a circuit judge, in the chancellor's absence, granted a temporary injunction at the plaintiff's instance, which the chancellor subsequently dissolved, the circuit judge had no power to treat the defendant as in contempt for disobeying the injunction after its dissolution. (Page 22.)

Certiorari to Phillips Chancery Court; *Edward D. Robertson*, Chancellor; judgment quashed.

## STATEMENT BY THE COURT.

G. W. Simmons presents his petition for a writ of certiorari to this court, asking it to quash a judgment committing him for contempt for violation of an injunction order. The facts are as follows:

On May 29, 1912, Frank Carter *et al.* filed in the Phillips Chancery Court a complaint against G. W. Simmons, in which they ask that the defendant be enjoined from acting as pastor of the Beautiful Zion Church of Helena, in Phillips County, Arkansas. On the same day, without notice to the defendant, the complaint was presented to the Hon. H. N. Hutton, Judge of the First Judicial Circuit, and a temporary injunction was issued by said judge. On the 11th day of June, 1912, the defendant Simmons gave notice to the plaintiffs that he would apply to the Hon. E. D. Robertson, Chancellor of the Phillips Chancery Court, for an order to set aside and dissolve said temporary injunction. At the time and place mentioned in the notice the defendant appeared before the chancellor and presented his motion to dissolve the injunction.

On June 15, 1912, the chancellor made an order dissolving the temporary injunction. Thereafter the defendant Simmons was summoned to appear before the Hon. H. N. Hutton, Judge of the First Judicial Circuit, at chambers on June 25, 1912, to show cause why he should not be punished for contempt for violation of the temporary injunction for preaching in the Beautiful Zion Church on the 16th day of June, 1912.

The defendant Simmons appeared before the circuit judge in obedience to the summons, and filed his written response in which he stated, among other things, that the temporary injunction had been dissolved by an order of the chancellor of the Phillips Chancery Court before he preached in the church on the 16th day of June, 1912. The circuit judge adjudged the defendant guilty of contempt and issued a warrant of commitment directing the sheriff of Phillips County to keep the defendant in custody in the jail of Phillips County for ten days and until he shall pay a fine of twenty-five dollars.

The object of the defendant's petition in this case is to review the judgment of the circuit judge.

*Moore, Vineyard & Satterfield*, for petitioner.

The judgment should be quashed. The chancellor has

power to dissolve the injunction, which he did, and thereafter petitioner was not in contempt. Kirby's Dig., § 3993; 40 Ark. 507; 23 Cyc. 549; 22 *Id.* 983.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for respondent.

1. The power vested in a court or judge to grant an injunction necessarily implies the power of the same court or judge to dissolve or modify it. Acts 1903, § 12, p. 314; 5 Sawy. (U. S.) 464; 40 Ark. 507; 3 Okla. 508; 41 Barb. (N. Y.) 547; 66 Cal. 161; 75 Ga. 325; 25 Kan. 359.

2. A chancellor, at chambers, has no authority to dissolve or modify an order made by a co-ordinate judge. 91 Va. 209; 57 Ga. 325; 44 Neb. 361.

HART, J., (after stating the facts). In the case of *Sanders* v. *Plunkett,* 40 Ark. 507, the court held that a circuit judge has the power to dissolve in vacation an injunction ordered by himself in vacation. At the time the decision was rendered jurisdiction of matters of equity was vested in the circuit courts of the State. (Constitution of 1874, art. 7, § 15). Subsequently the State was divided into chancery districts, and jurisdiction in matters of equity was transferred from the circuit courts to the chancery courts.

Upon the authority of *Sanders* v. *Plunkett, supra,* it follows that a chancellor has power to dissolve in vacation an injunction ordered by himself in vacation. Section 12 of Acts of 1903, c. 166, creating chancery courts and dividing the State into chancery districts, reads as follows: ''In case of the absence of the chancellor from the county any circuit judge or the judge of the county court of the county may issue writs of injunction or restraining orders, after the action has been commenced, but not before.''

The original action against the defendant Simmons was filed in the Phillips Chancery Court, and was there pending when the order granting the injunction was made by the circuit judge. The circuit judge in granting the injunction was acting pursuant to the power given him by section 12, Acts of 1903, c. 166, creating chancery courts, and was exercising a power auxiliary to the jurisdiction of the chancery court in which the action was pending. The effect of the order was the same as if it had been made by the chancellor.

The injunction, therefore, was subject to be controlled, modified or dissolved by the chancellor in all respects as if issued by his order in the first instance.

Section 3993, Kirby's Digest, provides that the party enjoined may at any time, upon reasonable notice to the plaintiff, move the court upon the plaintiff's complaint and affidavits alone to dissolve or modify an injunction of the application for which no notice was given.

Section 3994, Kirby's Digest, provides that, after answer filed by the party enjoined, he may give notice to the plaintiff of the motion, in not less than ten days thereafter, upon the whole case, to dissolve or modify the injunction, and that, upon such motion, either party may read depositions and other competent evidence in writing.

The record in the case shows that no answer was filed by the defendant at the time he made the motion to dissolve the injunction, nor did he give the plaintiffs the ten days' notice required by section 3994, Kirby's Digest. Additional affidavits were also read at the hearing by the defendant. It may be that the chancellor should have refused to have dissolved the injunction until the defendant had complied with section 3994, Kirby's Digest, but his order dissolving the injunction was not an act in excess of jurisdiction; his power to decide erroneously is as clear and undoubted as to decide correctly. In such case there is no want of jurisdiction, but only an erroneous decision.

It follows that the circuit judge had no power to treat the defendant as in contempt, and it is ordered that his judgment committing the defendant for contempt be reversed and quashed.