ROAD IMPROVEMENT DISTRICT NO. 1 *v*. COOPER.

Opinion delivered November 21, 1921.

APPEAL AND ERROR—FINAL ORDER.—An order granting an injunction in a case until a similar case pending in another court shall be determined is interlocutory and not final.

Appeal from Hot Springs Chancery Court; *J. P. Henderson,* Chancellor; appeal dismissed.

*L. E. Sawyer* and *Wm. R. Duffie,* for appellant.

The decree entered in this case is a final one from which an appeal will lie.    There is a substantial denial of justice on the part of the trial court, which held, in effect, that it is without jurisdiction to determine the issue presented until the Federal court has done some act or other.    The right of appeal falls squarely within the second and third paragraphs of § 2129, C. & M. Digest. The determination of the issues should be first by the State court rather than the Federal court.    Sec. 1031, Barnes' Federal Code.    The denial of the motion to dissolve the injunction was a final order.    14 R. C. L. p. 336.

The proof shows that the assessment was fully completed before the filing of any suit, and the chancellor was in error in holding otherwise.

Appellees are estopped to ask an injunction as they did not appear at the proper time and make complaint of their assessments.    139 Ark. 277; 139 Ark. 322.

In view of the statute requiring a speedy determination of issues raised, the order made is a final one, denying substantial justice.

*D. D. Glover, John L. McClellan* and *Henry Berger,* for appellees.

The decree was interlocutory, and one from which an appeal will not lie.    A decree is final only when all the facts and circumstances material and necessary to a complete explanation of the matters in litigation are brought before the court.    34 Ark. 129; 36 Ark. 204; 100 Ark. 500.

The taxpayers are proper parties to maintain suits against public officers to remedy misapplication of public funds, and the chancery court has power to grant affirmative as well as injunctive relief, and it is the duty of equity courts to mould a remedy for taxpayers whose interests are involved in the operation of improvement districts.    114 Ark. 299.

Interlocutory orders are always subject to the control of the court until a final adjudication upon the rights of the parties. 40 Ark. 508. It was not possible to proceed with the case and determine the rights of all parties, with the injunction pending in the Federal court.

*L. E. Sawyer* and *Wm. R. Duffie,* in reply.

The lower court has abdicated its power to determine a legal right and the facts relative to whether or not the railroad property is taxable under this act, and made that the sole question upon which the whole case turns. In this respect the order entered is final.    100 Ark. 500.

McCULLOCH, C. J. The General Assembly of 1921, by special act approved February 18, 1921, (Act No. 143) created a road improvement district in Hot Spring County and named the commissioners thereof. Authority was conferred to improve a certain road or roads, to levy assessments to pay for the same and to issue bonds. A complaint was filed against the commissioners in the chancery court by an owner of real property in the district attacking the validity of the statute and seeking to enjoin proceedings thereunder. Other owners of real property in the district intervened. The chancellor granted a temporary injunction at the commencement of the action, and on July 14, 1921, the court entered an order or decree from which an appeal is prosecuted.

The finding of the court is recited in the order to the effect that in a suit pending in the United States District Court for the Eastern District of Arkansas a temporary injunction had been issued at the instance of the Missouri Pacific Railroad Company and the Chica-

go, Rock Island & Pacific Ry. Co., plaintiffs in the suit, temporarily restraining the commissioners of this district from collecting any of the taxes assessed on the property of said railroad corporations, which the court found to be at least 40 per cent. of the entire taxes assessed against the property of the district, and the order of the court was that the "temporary injunction heretofore granted by this court in this cause against Road Improvement District No. 1, and the commissioners thereof, their agents, servants and employees, should be continued until the temporary injunction issued by Jacob Trieber, Judge of the United States District Court of the Eeastern District, Western Division of Arkansas, enjoining and restraining said commissioners and their servants, agents, and employees from the collection of taxes or penalties assessed against the Missouri Pacific Railroad Company and the Chicago, Rock Island & Pacific Railway Company, is fully and finally determined by said United States courts, or until the further order of this court." There was a further order that the commissioners be enjoined from attempting to enforce the payment of the taxes for the year 1921 until the further orders of the court, and that the injunction bond executed by the plaintiffs in the action (appellees) "be and remain in full force and effect."

The first question which arises is whether or not this is a final decree from which an appeal will lie. We think that it is not such a decree, and the appeal must be dismissed. An order granting or refusing a temporary injunction is interlocutory and not final. *Miller* v. *O'Bryan,* 36 Ark. 200; *Ex parte Batesville & Brinkley R. Co.,* 39 Ark. 82. An order or decree extending an injunction for a fixed time, or until the happening of a certain event, may be final, but it appears clearly from the recitals in the decree that the court meant to continue control over the injunction granted in this case and over the subject-matter of the litigation. It was so declared in the decree, and the court continued in force the bond executed by plaintiff at the commence-

ment of the action, which shows that the injunction was not intended to be permanent nor the order final; it was merely interlocutory, and remains within the control of the court. It is argued by counsel with much earnestness that a decree of this sort may work great injury unless there can be an appeal from it. This may be true, but the authority of this court is limited by the Constitution to jurisdiction over final judgments and decrees, and we are without power to correct errors which occur during the progress of proceedings until after there has been a final decree from which an appeal can be prosecuted. If injury results, it is one merely incident to the litigation which cannot be corrected by an appeal in advance of a final decree.

Appeal dismissed.