DOBBINS BROTHERS *v.* ANDERSON, COUNTY JUDGE.

4-5727                                                135 S. W. 2d 325

Opinion delivered January 8, 1940.

*Ben B. Williamson,* for appellant.

Smith, J. The county court of Stone county condemned a right-of-way for a highway through lands belonging to appellants, Dobbins Brothers, who, on January 16, 1939, presented to the county court their claim for damages for the land thus taken. No order was made on the claim until June 13, 1939, when it was disallowed, "for the reason that the same cannot be allowed in the year 1939," this because it would exceed the revenues of the county for that year if the claim were allowed, in violation of Amendment No. 10 to the Constitution. An appeal was prayed and perfected to the circuit court from the order of the county court disallowing the claim. Thereafter appellants obtained from the chancellor of the district of which Stone county is a part, in the absence of the circuit judge of that district, a temporary restraining order enjoining the county judge from allowing claims except for essential county purposes authorized by law, and also against the county clerk from issuing warrants based on such allowances. This restraining order, by its express provisions, was

to be effective "until the appeal of the petitioners can be heard at the November term of the Stone county circuit court."

On August 16 thereafter, the county judge filed before the chancellor a petition to vacate the temporary restraining order in which it was alleged that appellants had received compensation through the State Highway Department and from other sources for their damages, and that the restraining order operated to suspend other important and necessary road work.

A demurrer was filed to this petition reading as follows:

"Now come the plaintiffs, by their attorney, Ben B. Williamson, and demur to the jurisdiction of the court in the above styled cause, and for cause of demurrer, say, state and allege:

"1. That this court is without jurisdiction to modify or dissolve the temporary injunction heretofore granted in this cause on June 30, 1939, for the reason that the said temporary restraining order was made by the judge of this court in the absence of the circuit judge from Stone county and was returnable to the circuit court at its November term, 1939.

"2. That the circuit court of Stone county has the sole and exclusive jurisdiction of the parties and subject matter of the above styled cause by reason of the appeal of the plaintiffs from the judgment of the county court to the circuit court, and that said temporary restraining order was made in this court in aid of the jurisdiction of said circuit court and to protect the interests of the plaintiffs pending the trial of their appeal in the circuit court at its November term, and that the granting of the said temporary order by the Stone chancery court, in the absence of the circuit judge from the county, was to all intents and purposes the same as if it had been granted by the circuit court, or circuit judge in vacation, and was and is returnable to that court.

"Wherefore, plaintiffs pray that the motion of the defendants to dissolve said temporary injunction be denied and that plaintiffs be discharged with their costs."

The demurrer was overruled, and appellants electing to stand thereon, the temporary order was dissolved, and this appeal is from that decree.

It is provided in § 1 of Act 355 of the acts of 1937, p. 1320, appearing as § 7507, Pope's Digest, that appeals may be prosecuted from interlocutory orders granting or refusing to grant or from orders dissolving injunctions which had been granted. The question for decision is, therefore, whether the chancery court had jurisdiction to dissolve the injunction.

It would ordinarily be true that a court having jurisdiction to grant a temporary restraining order would also have jurisdiction to modify or dissolve it. But it must be remembered that the restraining order relates to a case pending in the circuit court of Stone county. Upon the appeal to the circuit court from the order of the county court disallowing appellants' claim for damages, the circuit court, and no other, had the jurisdiction to determine whether appellants had been damaged, and, if so, the extent and amount thereof, and also the question of the county's liability therefor. The circuit court acquired exclusive jurisdiction of the case when the appeal to that court had been perfected. Thereafter the circuit court had the jurisdiction to issue such orders as were necessary to the exercise of this jurisdiction. This power is granted circuit courts in §§ 2867 and 2869, Pope's Digest, but would inhere in that court even in the absence of that legislation.

The circuit court had the jurisdiction to issue a restraining order similar to the one issued by the chancellor and the chancellor, in issuing that order, acted for the circuit judge in the absence of the circuit judge from the county. The statute authorizes that action. See Sub. III of the chapter on Injunctions, § 7506 *et seq.*, Pope's Digest. Indeed, § 5710, Pope's Digest, provides that, "In the absence of the circuit judge from the county, the county judge of any county shall have power to issue orders for injunctions and other provisional writs in their counties, returnable to the court having jurisdic-

tion.'' This section from which we have just quoted is a part of the act of March 5, 1875, (§ 2, p. 219), at which time the circuit judges had chancery jurisdiction. In the instant case, the county judge would not, of course, have issued the temporary restraining order in the absence of both the circuit judge and the chancellor from the county, for the reason that he was a party to the litigation, and was the party sought to be enjoined. But the chancellor had the jurisdiction to issue the temporary restraining order, and his action in doing so was in aid of the exercise of jurisdiction by the circuit court. Indeed, as appears from the portion of the temporary restraining order copied above, the order was effective ''until the appeal can be heard at the November term of the Stone county circuit court.'' This order was, in effect, the order of the circuit court, having been made by the chancellor for that court, and did not operate to vest jurisdiction in the chancery court nor to deprive the circuit court of its jurisdiction. The chancellor, in issuing the order, had performed the only function which the law authorized him to perform. Its continuance or its dissolution was thereafter a matter within the jurisdiction of the circuit court, in aid of which jurisdiction the order had been issued.

Such is the import of the decision of this court in the case of *Ex Parte Simmons,* 105 Ark. 19, 150 S. W. 141. In that case, a suit was filed in the chancery court to restrain one Simmons from holding services in the Beautiful Zion Church of Helena, Arkansas. In the absence of the chancellor, the circuit judge issued a temporary restraining order. On June 15, the chancellor made an order dissolving the temporary injunction, and on the following day Simmons held services in the church. Thereafter, the circuit judge who had issued the temporary restraining order cited Simmons for contempt in disobeying his order, and, upon the hearing of the citation, imposed upon Simmons a fine and a jail sentence. That judgment was quashed upon a writ of certiorari which issued from this court. It was held (to quote a headnote from that case) that ''Where a

circuit judge, in the absence of the chancellor from the county, grants a temporary injunction in a case pending in the chancery court, such order has the same effect as if it had been made by the chancellor, and is subject to be controlled, modified or dissolved by the chancellor in all respects as if issued by him in the first instance." In other words, the chancery court did not lose—and the circuit court did not acquire—jurisdiction of the cause by the action of the circuit judge in granting the temporary restraining order. The jurisdiction remained in the court where the cause of action was pending, which, in that case, was in the chancery court, and it was that court which had jurisdiction to dissolve the injunction which the circuit judge had granted. So, here, the chancellor acted in aid of the jurisdiction of the circuit court in issuing the temporary restraining order; but the jurisdiction to determine whether appellants had been damaged, and, if so, whether that damage had been compensated, abided in the circuit court. It is true the demurrer to the petition to dissolve the temporary restraining order did not controvert the allegation of the petition that appellants had received full compensation for their damages; but it was not essential that it do so. The demurrer did question the jurisdiction of the chancery court to determine that fact; and, in our opinion, the demurrer should have been sustained, for the reason herein stated that the circuit court alone had the jurisdiction to determine the truth of the facts upon the recitation of which the dissolution of the temporary order was prayed.

The decree of the court below will be reversed, and the cause will be remanded, with directions to sustain the demurrer, and to remit the petitioners, who asked the dissolution of the temporary order, to the circuit court, where their petition may be heard by the court having jurisdiction thereof.