SAGER v. HIBBARD.

4-6539                                         158 S. W. 2d 922

Opinion delivered January 26, 1942.

*Mann & McCulloch, A. G. Meehan* and *John W. Moncrief,* for appellant.

*Clyde E. Pettit,* for appellee.

GRIFFIN SMITH, C. J.   A permanent record book in the office of the clerk of Arkansas county, at DeWitt, shows that Initiative Act No. 3 was proposed by petition filed September 4, 1940.  Its title is: "An Act to prohibit stock from running at large in Arkansas county and to fix the penalty therefor and for the protection of crops and the lives of the people of Arkansas county."  The election commissioners certified to having duly canvassed returns from the election held November 5, 1940, and that "Arkansas County Act No. 3 received the majority of the votes cast at said election and was duly adopted."

H. P. Hibbard and J. E. Brinton, on behalf of themselves and all other interested persons, named John Sager, M. O. Black, and Park Eldridge defendants in an action in chancery court wherein validity of the Act was challenged.  Prayer of the complaint was that enforcement be restrained and that the Act be declared invalid. The proceeding was docketed March 26, 1941, as Cause No. 3880.  Concurrently J. F. Byers made Park Eldridge a defendant in Cause No. 3881.  Invalidity of the Act was alleged as ground for enjoining Eldridge from disposing of livestock unlawfully impounded.

A temporary restraining order was issued, conditioned upon execution of bond for $250 in each case. Byers executed the bond required of him, but Hibbard and Brinton did not.  In Cause No. 3880 the restraining order was issued in vacation, without notice.  Proof offered was the verified complaint.

May 26 Black and Sager filed separate demurrers and motions to vacate.

When court convened June 30 the separate demurrer of Sager and other defendants, and the separate de-

murrer of Black, were overruled. Separate motions to dissolve the restraining orders were then denied. The causes were consolidated.

The order recites that the defendants offered to present evidence in support of contentions that the injunctions should be dissolved. . The court held the view that decisions on the motions would require a full hearing on merits of the consolidated causes, and "such decision would be a final determination ·of the whole cause." The following paragraph appears in the order: "The court finds that the plaintiffs in the consolidated cause, and the defendant in Cause No. 3881, refuse to agree to an immediate trial of this cause, *ore tenus;* and it is, therefore, ordered that the trial shall proceed in the usual course."

Eldridge moved to have his case (No. 3881) consolidated with No. 3880. The defendants in No. 3880 objected.

In the complaint filed March 25, 1941, in Cause No. 3880, forty-six reasons were urged against validity of Act No. 3.

It will be noted that the appeal is from an interlocutory decree refusing to vacate a temporary restraining order.

Act 355, approved March 25, 1937 (Pope's Digest, § 7507) gives a right of appeal, provided application is made within thirty days from entry of the order or decree complained of. The record in this case was filed July 28, which was within the prescribed time. In the emergency clause of Act 355, the General Assembly found that the right of appeal from an interlocutory order was necessary "for the protection of litigants and for the speedy administration of justice."

The Arkansas County Act was initiated under authority of Amendment No. 7 to the Constitution. To facilitate purposes of the amendment, an enabling act was passed in 1935. It was approved January 31, and appears as §§ 13296 and 13307 of Pope's Digest. Exhibits attached to the motion to dissolve show that·juris-

dictional requirements were met, and from this record, *prima facie,* the Act was legally adopted.

The restraining order is dissolved. The causes, however, are remanded. Permission is granted appellees to present any admissible evidence tending to overcome the presumptive verity which attaches to the records referred to in appellants' brief which shows that jurisdictional requirements were met in respect of initiation of the act. No further injunctions are to issue unless want of jurisdictional requirements is shown.

### Opinion on Rehearing

The petition for rehearing calls attention to certain matters argued in appellees' original brief which were not discussed, point by point, in the opinion of January 26, 1942. These objections were considered by the court and the determination was adverse to appellees' contentions. In an effort to limit the decision to phases thought essential to a correct determination of the litigation, the cause was remanded with permission to appellees to present any admissible evidence ". . . tending to overcome the presumptive verity which attaches to the records referred to in appellants' brief, which shows that jurisdictional requirements were met in respect of initiation of the Act."

It was intended, by this holding, to say that, *prima facie,* the Act was valid; that its terms were not violative of constitutional rights, and that the only issue was one of fact: Was the measure legally adopted? The record answered this question affirmatively. The court felt, however, that since appeal was from an interlocutory decree, appellees should have the right to challenge the presumptive record.

Without discussing constitutionality of Act 355, approved March 25, 1937, (Pope's Digest, § 7507) we dissolved the interlocutory order, wherein the chancellor had refused to vacate a temporary restraining order. Effect of the decision is to uphold validity of Act 355. This we now expressly affirm. In doing so, however, prior cases must be overruled. Act 355 was sustained in *Page* v. *Mc-*

*Kinley*, 196 Ark. 331, 118 S. W. 2d 235.[1] See, also, *Dobbins Brothers* v. *Anderson, County Judge*, 199 Ark. 635, 135 S. W. 2d 325. Neither opinion mentions the fact that similar legislation (Act 69, approved March 23, 1881) had been held void. *Batesville & Brinkley Railroad Company, ex parte*, 39 Ark. 82; *Sanders et al.* v. *Plunkett et al.*, 40 Ark. 507; *Road Improvement District No. 1* v. *Cooper*, 150 Ark. 505, 234 S. W. 623, and the case of *Miller* v. *O'Bryan*, 36 Ark. 200, there cited. Cf. *Mallett* v. *Hampton*, 94 Ark. 119, 126 S. W. 92. Earlier holdings are referred to in the opinion of Chief Justice ENGLISH in the *Batesville & Brinkley Railroad Company* case, in which he says: "My brother judges have come to the conclusion that the Act [of March 23, 1881] is unconstitutional, in which conclusion I am unable to concur, except as to so much of the Act as authorizes one judge of this court to review and reverse the decision of an inferior court or judge, refusing an injunction, and to compel the granting of it by mandamus."

The 1937 Act (No. 355) carries a restriction that "The proceedings in other respects in the circuit or chancery court shall not be stayed during the pendency [of an appeal from an interlocutory order] unless otherwise ordered by the court, or by the Supreme Court, *or a judge thereof*.[2]

The right of one justice, in vacation, to stay proceedings is not involved in the case at bar, and the point is not now decided.

What we do decide is that the Page-McKinley case had the necessary effect of overruling former cases holding that the Supreme Court is without power to entertain and determine appeals from trial court action in refusing to set aside interlocutory orders. Modern business, commerce, and even the professions, are such that serious consequences may attend delay in determining whether an order mentioned in Act 355 has been improvidently granted or denied. It was the legislative intent to relieve

---

[1] Because of a typographical error, the first headnote to *Pave* v. *McKinley, supra*, (Arkansas Reports) refers to the Act as No. 335.

[2] Italics supplied.

against possible error. Where an interlocutory order adversely affects a litigant through delay in adjudicating substantive rights, an appeal from the trial court's refusal to vacate such order or to immediately grant a hearing on the merits should be treated as presenting a justiciable issue.

We therefore expressly overrule the older cases, and affirm the holding in *Page* v. *McKinley*.

The petition for rehearing is denied.