4-8338 205 S. W. 2d 209

Opinion delivered November 3, 1947.

G. E. Keck and H. G. Partlow, for appellant.

W. Leon Smith, for appellee.

HOLT, J. June 23, 1947, appellee, D. M. Moore, sued appellants, alleging that he had entered into a written partnership agreement with them on April 5, 1947, for the purpose of operating a cafe and night club on highway 61, north of the city of Blytheville. Copy of the agreement was made an exhibit to, and a part of the complaint. He further alleged that he owned the property upon which said club was located, together with all fixtures and equipment necessary for the operation of said cafe and club; that under the terms of their agreement, appellants agreed to devote their entire time to the oper-

ation and management of said club; "that the parties hereto were to share equally in its net gains and losses. The defendants herein have breached said partnership contract in that they have failed and refused to account to the plaintiff for his proportionate share of the net proceeds, have failed and refused to permit the plaintiff to have access to the bank accounts, bank balances and books for the purpose of determining the net gains of said business; have devoted a large portion of their time to the performance of other businesses for their individual gain; have made erroneous representations to the plaintiff concerning the income of said business; and that the defendants refuse to agree to a dissolution of the partnership, and a settlement of its affairs; that the conduct on the part of the defendants herein deprives plaintiff of his proportionate share of the net profits and that the defendants are collecting money which is properly assets of the partnership and converting same to their own use and benefit; that the defendants and each of them are wholly insolvent and that plaintiff has no adequate remedy at law."

His prayer was that appellants "be restrained from handling or controlling any of the funds or property of said firm, and from interfering in any manner with the orderly liquidation thereof; that a receiver be appointed to take charge of the assets of said firm, and the affairs by him wound up in an orderly manner as may be directed by this court; that an accounting be had and the true status of the affairs of said partnership determined; that said firm be dissolved, and the creditors thereof be paid out of the firm's assets; and that after an accounting has been had and the creditors paid, any remaining sum be divided between plaintiff and defendants, according to their respective interest, as aforesaid, etc."

Appellants filed a response in which they denied all material allegations in appellee's complaint and specifically denied that said business was a partnership arrangement, and alleged that they were in possession of the property in question under a lease contract for a period of one year.

There was a hearing June 27, 1947, and we quote from the court's findings: "From said petition, the duly verified response of the defendants to said petition, the oral evidence of George Ford and W. A. Bickerstaff the court doth find: That said plaintiff and defendants are a co-partnership and that a receiver should be appointed to take charge and liquidate said business. IT IS THERE-FORE BY THE COURT CONSIDERED, ORDERED AND DECREED that C. A. Davis be, and he is hereby appointed as receiver in this cause and as such shall, after taking the oath and giving bond as required by law, said bond to be in the sum of $10,000, take charge of the property described in the petition, and operate, manage and control the same, subject to the orders and directions of this court."

This appeal is primarily from an interlocutory order of the court appointing a receiver. The right to appeal from the order appointing a receiver herein is found in the provisions of Act 355 of the acts of the Legislature of 1937 (Pope's Digest, § 7507). That act is entitled: "An Act Authorizing Appeals from Injunctional and Receivership Orders." Section 1 provides: "Where, upon a hearing in a circuit or chancery court, or by a judge thereof in vacation, an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, or an application to dissolve or modify an injunction is refused, or an interlocutory order or decree is made appointing a receiver, or refusing an order to wind up a pending receivership or to take the appropriate steps to accomplish the purposes thereof, such as directing a sale or other disposal of property held thereunder, an appeal may be taken from such interlocutory order or decree. The transcript shall be filed with the clerk of the Supreme Court within thirty days from the entry of such order or decree, and the appeal shall have precedence in the Supreme Court. The proceedings in other respects in the circuit or chancery courts shall not be stayed during the pendency of such appeal unless otherwise ordered by the court, or by the Supreme Court. or a judge thereof."

In § 2, the emergency clause, it was found "that this act is necessary for the protection of litigants and for the speedy administration of justice."

The validity and constitutionality of this act were upheld by this court in *Riggs* v. *Hill,* 201 Ark. 206, 144 S. W. 2d 26, and in *Sager* v. *Hibbard,* 203 Ark. 672, 158 S. W. 2d 922. In the latter case, on rehearing, we said: "Without discussing constitutionality of Act 355, approved March 25, 1937 (Pope's Digest, § 7507), we dissolved the interlocutory order, wherein the chancellor had refused to vacate a temporary restraining order. Effect of the decision is to uphold validity of Act 355. This we now expressly affirm."

While those cases dealt with injunction proceedings, under the plain terms of the act, the right of appeal from an interlocutory order or decree appointing a receiver would be, and is the same as in injunction proceedings.

Whether appellants and appellee were operating under a rental lease contract for a period of one year, as appellants argue, or a partnership agreement as appellee contends, we find it unnecessary to determine.

In any event, appellee's interest in the property in question here, which it is undisputed he owned, was sufficient in view of the testimony relating to the manner and actions of appellants in managing and carrying on the business here involved, to justify the action of the chancellor in appointing a receiver.

The agreement or contract between the parties here provided that appellants "will pay all the expense incident to the operation of said business; that they will pay their bills promptly; that they will not create or fix any liens upon the property, and that after all of the expense is paid incident to the operation of said business, then the second parties are to have and receive 30 per cent each out of the net earnings of said business, and the first party is to have 40 per cent. of the net proceeds coming from the operation of said business. . . ." and that appellants "will keep accurate records and accounts showing in detail the expense and earnings of said

business, and that they will furnish to the first party on the first day of each month an itemized statement of the operating expenses and the profits coming from the operation of said business, and that they will pay to the first party his share and interest coming from the operation of said business; that they will at all times keep accurate and correct accounts of the operation of said business, and that same will be held open and subject to the inspection of the first party and that all settlements must be mutually agreed upon between the parties.

"It is further agreed and understood that the second parties will not withdraw or receive from said business any sum of money except their net share which will be due them coming from the operation of said business."

Appellant, Ford, testified that he put $351.13 "into the operation of the business," that appellee was to reimburse him and that he and Bickerstaff had each actually drawn out of the business $310. Bickerstaff had put approximately $480 into the business.

The evidence tended to show that appellant, Ford, was not devoting his entire time to the business in accordance with the agreement. He admitted that he took certain afternoons off and had, during the operation of the cafe and night club in question and long prior thereto, been the active representative of the Adams Appliance Company and sold merchandise for this company on a commission basis. Ford admitted that he owned no real estate and when asked "You don't own anything over and above what the law allows you,—over and above your exemptions? A. No." He further testified that appellant, Bickerstaff, owned his home. The evidence tended to show the insolvency of both appellants. There was other evidence tending to show that appellants were not making a proper accounting to appellee as agreed, and that appellee, although given the right under the terms of the agreement, was denied access to the books and accounts and receipts and the right to check the cash register.

The power of the court to appoint a receiver in circumstances such as are presented here is found in § 11189, Pope's Digest, which provides: "Appointment *pendente lite.* In an action . . . between partners or others jointly owning or interested in any property or fund, on the application of plaintiff or of any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured, the court may appoint a receiver to take charge thereof during the pendency of the action and may order and coerce the delivery of it to him."

The general rule governing appointment of receivers "is that the action of the court must be governed by a sound and judicial discretion," 45 Amer. J. P., p. 27, § 22.

The chancellor in this case heard the oral testimony of the witnesses presented. He was, therefore, in a much better position to judge of the credibility to be given to the testimony than we could possibly be. We are unable to say that the action of the court appointing a receiver was not justified by a preponderance of the testimony or that the court's sound discretion in the matter has been abused.

Accordingly, the decree is affirmed.