BRAGG *v.* LAMBERT.

5-721                                    280 S. W. 2d 718

Opinion delivered June 27, 1955.

*Norton & Norton,* for appellant.

*John L. Anderson,* for appellee.

ROBINSON, J.   The pleadings in this case give rise to the issue of the ownership of 80 acres of farming land. The cause is here at this time on the point of whether the Chancellor erred in appointing a receiver to take charge of the property and rent it out until the case can be decided on its merits.

The complaint filed by appellee alleges, *inter alia,* "that unless a receiver is appointed to take charge of said property immediately, to make necessary arrangements for farming same for the year 1955, to secure the proper allotment and to protect said property, the plaintiff will suffer irreparable injury." The hearing was held before the Chancellor on March 4, 1955 on the question of appointing a receiver. At that time, plaintiff J. B. Lambert testified that the condition of the farm was just about as bad as it could be. No effort had been made to put the land in shape for planting. Last year's cotton stalks were still standing and the Johnson grass was so bad one could hardly see the old stalks. Pictures were introduced in evidence showing the condition described. The witness J. B. Lambert, Jr., also corroborated the testimony of his father. On the other hand, appellant Alex Bragg testified that he had prepared several acres of the land and that he was equipped to make a crop.

The witnesses were before the trial court, and that court was in a much better position than is this court to judge their credibility. In making the decision to appoint a receiver the court said: "It would be for the protection of all parties that a receiver be appointed to insure a crop being made on this land this year. The defendant will not be disturbed in the possession of the house. Farming time is here—and it will be well to have a crop made on the land. . . . That is my greatest concern here. This is March 4 and the land must be prepared and planted soon if a crop is to be made at all." Ark. Stats., § 36-112, provides: "*Appointment of receiver pendente lite.* In an action . . . between partners or others jointly owning or interested in any property or fund, on the application of plaintiff or of any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured, the court may appoint a receiver to take charge thereof during the pendency of the action and may order and coerce the delivery of it to him." This court said in *Ford* v. *Moore,* 212 Ark. 248, 205 S. W. 2d 209: "The general rule governing appointment of receivers 'is that the action of the court must be governed by a sound and judicial discretion.'"

We are unable to say there was an abuse of discretion by the trial court. Appellant argues the merits of the case, but on this appeal the only issue involved is the action of the Chancellor in appointing a receiver.

Affirmed.

Mr. Justice McFADDIN concurs.

---

ED. F. McFADDIN, Associate Justice (concurring). I reach the same conclusion as that reached by the majority, but by a reasoning process slightly different. Here is my reasoning:

The appellant argues: (1) that the mortgage he executed to Lambert is void because it was not signed and

acknowledged by appellant's wife (see § 50-415, Ark. Stats.), and (2) that there can be no receiver because there is no valid cause of action. But in this argument appellant overlooks Lambert's right to invoke the doctrine of equitable subrogation. See *Stephenson* v. *Grant*, 168 Ark. 927, 271 S. W. 974; and *Teal* v. *Thompson*, 180 Ark. 63, 20 S. W. 2d 307. Here Lambert claims: (1) that Bragg contracted to buy the land from the Lambrook Corporation upon making stated annual payments; and (2) that Lambert—not as a volunteer—made some of the payments to the Lambrook Corporation. Therefore, under the doctrine of equitable subrogation, Lambert "stood in the shoes of Lambrook Corporation," and could successfully urge the petition for receivership without being compelled to prove the validity of the mortgage executed by Bragg to Lambert. This principle of equitable subrogation supports the appointment of the receiver independently of any question of the validity of the mortgage executed by Bragg to Lambert.