Nellie PALMER, Individually and as
Administratrix *v.* Penney Elizabeth EVANS

74-70                                              511 S.W. 2d 157

Opinion delivered July 8, 1974

*Hale, Hale, Fincher & Hoofman*, P.A., by: *John M. Fincher*, for appellant.

*Lightle, Tedder & Hannah*, by: *Mike Beebe*, for appellee.

J. FRED JONES, Justice. This is an appeal by Nellie Palmer individually and as administratrix of the estate of George R. Palmer from a chancery court order wherein the chancellor refused to set aside a temporary injunction pertaining to the disposition or sale of corporate stock which the appellee, Penney Elizabeth Evans, alleged to be a part of a trust estate created in her favor by her deceased father, George R. Palmer.

It appears from the record that the appellant, Nellie E. Palmer, was the second wife of George R. Palmer and the appellee, Penney Elizabeth Evans, was the daughter of George R. Palmer by his previous marriage. Penney Elizabeth Evans initiated this litigation by a complaint filed in chancery court alleging that she was the beneficiary under a trust instrument dated January 3, 1966, whereby George R. Palmer as grantor transferred to C. K. Powell as trustee 654 shares of J. C. Penney Company, Inc. common stock in trust

for the benefit of the plaintiff, Penney Elizabeth Evans. She alleged that on or about September 23, 1970, the stock certificates were canceled and new certificates were issued to George R. Palmer and Nellie E. Palmer as joint tenants; that said transfer of stock was in derogation of the George R. Palmer trust dated January 3, 1966, and was accomplished through fraud. She prayed for an immediate order enjoining and restraining Nellie Palmer individually and as administratrix of the estate of George R. Palmer from disposing, transferring or encumbering the assets of the trust; and enjoining and restraining the J. C. Penney Company, Inc. from transferring or disposing of the shares of stock on the books and records of that corporation. Mrs. Evans then prayed for an order requiring the defendant Nellie Palmer as well as the defendant J. C. Penney to reconvey the stock back into the trust account, and in the alternative she prayed for an accounting by Nellie E. Palmer and C. K. Powell.

On July 23, 1973, the chancellor entered an order temporarily enjoining Nellie Palmer and J. C. Penney Company, Inc. from encumbering, transferring or disposing of the J. C. Penney Company stock. On November 9, 1973, Nellie E. Palmer, by power of attorney, filed a motion to dissolve the temporary injunction. On the same date she also filed a pleading designated "Demurrer of Nellie E. Palmer as Administratrix of the Estate of G. R. Palmer, Deceased," in which she alleged that the complaint did not state a cause of action cognizable in equity, and in which she also alleged that the certificates were issued to George R. Palmer and Nellie E. Palmer as joint tenants and upon the death of George R. Palmer they became her individual property. She prayed for a dismissal of the complaint and for judgment in her own favor.

After additional pleadings were filed by the parties, the chancellor on October 24, 1973, issued an additional order "restraining defendant, Nellie E. Palmer, from in any way disposing of, encumbering or transferring J. C. Penney Company, Inc. common stock hereinabove described." Following the filing of additional pleadings, including request for admissions and response thereto, the appellant Nellie Palmer gave notice of appeal in language as follows:

"Defendant, Nellie Palmer, Individually and as Administratrix of the Estate of G. R. Palmer, Deceased, hereby appeals the Order Requiring Bond, entered November 26, 1973, whereby the Court denied defendant Palmer's motion to Dissolve Temporary Injunction and the Order Requiring Deposit of Assets and Overruling Demurrer, entered November 26, 1972, both Orders being rendered by the Chancery Court of White County."

The "Order Requiring Bond," entered on November 26, 1973, recites as follows:

"On the 26th day of November, 1973, this matter came on before the Court, upon the motion of the defendant, Nellie Palmer, to dissolve the temporary injunction heretofore filed. The defendant being represented by her attorneys, Hale, Hale, Fincher and Hoofman, and the plaintiff being represented by her attorneys, Lightle, Tedder and Hannah.

It appears to the satisfaction of the Court:

That the plaintiff should be required to post bond in this matter in the sum of $5,000.00, to be approved by the Court; that the injunction order issued by this Court on October 24, 1973, shall in all respects remain in full force and effect."

On appeal to this court Mrs. Palmer contends that the chancellor erred in granting the appellee's oral motion for deposit of the stock certificates into the registry of the court, and that the chancellor erred in refusing to set aside the temporary injunction granted plaintiff on July 23, 1973, together with amendment thereto on October 24, 1974.

We agree with the appellee that the order of the chancellor relative to the deposit of assets is an interlocutory order and as such is not appealable. Ark. Stat. Ann. § 27-2102 (Repl. 1962) governs appeals from interlocutory orders *in injunction proceedings,* however, and it reads in part as follows:

"Where upon a hearing in a circuit or chancery court or by a judge thereof in vacation, an injunction is granted, continued, modified, refused, or dissolved by an interlocutory decree, *or an application to dissolve or modify an injunction is refused* . . . an appeal may be taken from such interlocutory order or decree. *The transcript shall be filed with the clerk of the Supreme Court within thirty ( 30) days from the entry of such order or decree,* and the appeal shall take precedence in the Supreme Court." (Our emphasis).

We are of the opinion, and so hold, that the thirty days' time fixed by statute, as above emphasized, is mandatory and jurisdictional. The orders appealed from in the case at bar were entered on November 26, 1973, and notice of appeal was filed on December 18, 1973. The transcript was not filed with the clerk of this court however until March 8, 1974.

In *Page* v. *McKinley*, 196 Ark. 331, 118 S.W.2d 235, we recognized § 27-2102, *supra*, as specific authority for the right to appeal from an interlocutory order refusing to dissolve an injunction, and in that case we made clear that the time for filing the transcript on such appeal runs from the date of the order refusing to dissolve the restraining order. See also *Sager* v. *Hibbard*, 203 Ark. 672, 158 S.W.2d 922. The transcript in the case at bar was not filed in this court until March 8, 1974, which was considerably more than 30 days from the entry of the chancellor's order refusing to set aside the injunction.

We conclude, therefore, that this court is without jurisdiction to entertain an appeal on the question involved and that the appeal must be dismissed.

The appeal is dismissed.