STATE OF MINNESOTA, *ex rel.* HENRY WARFIELD, *vs.* JOHN C. BECHT.

March 20, 1877.

**Constitution—Imprisonment for Debt—Supplementary Proceedings.**—Upon proceedings supplementary to execution, under the provisions of Gen. St. *c.* 66, title 24, the relator (against whom the money judgment upon which the execution issued had been recovered) was ordered by the district court in which the proceedings were pending to deliver up certain property to a receiver. Although duly notified of the order, the relator, after due demand, wholly failed and neglected to comply with it. Thereupon he was arrested, upon a warrant duly issued, and brought into court, and, upon a hearing, it was adjudged that he was guilty of contempt in disobeying the order, and it was thereupon further ordered and adjudged that a fine of $25 be imposed upon him, and that he be committed to the common jail of Ramsey county for the term of one month, or until he be discharged by due process of law. In pursuance of this order and adjudication a warrant of commitment was issued, and the relator committed thereunder. The commitment was made under the provisions of Gen. St. *c.* 66, § 307, which enacts that if any person disobey an order of a judge in proceedings supplementary to an execution, he may be punished as for a contempt; and of Gen. St. *c.* 87, which makes disobedience of any lawful judgment, order, or process of a court a contempt of its authority, and provides for a regular course of proceedings, in accordance with which a person charged with contempt may be brought before the court, the charge investigated, and the person charged punished, if found guilty. *Held,* 1. That the commitment, and the statutes under which it was had, are not obnoxious to § 12, of art. 1, of the constitution of this state, which declares that "no person shall be imprisoned for debt in this state," etc. ; nor to section 7 of the same article, which declares that no person shall be deprived of liberty without "due process of law," nor be held to answer for a criminal offence, unless upon the action of a grand jury; nor to section 6 of the same article, which provides that in all criminal prosecutions the accused shall enjoy the right to a jury trial; nor to section 4 of the same article, which provides that the "right of trial by jury shall remain inviolate, and shall extend to all cases at law," etc.

**District Court—Facts Implied in Adjudication.**—2. That the general adjudication of a district court having jurisdiction of the case before it, and of the parties, is, in the absence of a proper showing to the contrary, to be taken as involving and including an adjudication upon whatever minor facts are necessary to authorize it.

*Habeas corpus.* The case is stated in the opinion.

*Davis, O'Brien & Wilson,* for petitioner.

*J. N. Granger,* for respondent.

BERRY, J.  It is shown, by the return to the writ of *habeas corpus*, that the relator is held in custody by virtue of a warrant of commitment, issued by a judge of the district court to the respondent, who is sheriff of Ramsey county.  It further appears that, upon certain proceedings supplementary to execution, under Gen. St. *c.* 66, title 24, the relator (against whom the money judgment upon which the execution issued had been recovered) had been ordered by the district court in which such proceedings were pending to deliver up certain property to a receiver, and, although duly notified of such order, the relator had, after due demand, wholly failed and neglected to comply with it; that thereupon he had been arrested, upon a warrant duly issued, and had been brought into court, and, upon a hearing, it had been adjudged that he was guilty of contempt in disobeying the order aforesaid.  It was thereupon further ordered and adjudged that a fine of $25 be imposed upon him, and that he be committed to the common jail of Ramsey county for the term of one month, or until he be discharged by due process of law.  The warrant of commitment under which the relator is held, as before mentioned, was issued, and the relator committed thereunder, in pursuance of this order and adjudication.

The proceedings which resulted in the commitment were had under the provisions of Gen. St. *c.* 66, § 307, and Gen. St. *c.* 87.  Section 307 enacts that if any person disobey an order of a judge, in proceedings supplementary to an execution, he may be punished for a contempt.  Section 1, chapter 87, makes disobedience of any lawful judgment, order, or process of a court a contempt of its authority; and subsequent sections of the same chapter provide for a regular course of proceedings, in accordance with which a person charged with contempt may be brought before the court, the charge investigated and determined, and the person charged punished if found guilty.

It is contended on behalf of the relator that the commit-

ment in this case, and the statutes under which it was had, are obnoxious to certain provisions of our bill of rights.

The provisions referred to are found in sections 4, 6, 7, and 12, of the 1st article of our state constitution. Section 12, which is principally relied on, declares that " no person shall be imprisoned for debt in this state," etc. In the case at bar the imprisonment is for contempt in refusing to obey an order of the court. It is true that the order relates to the debt evidenced by the judgment against the relator, but this in no way alters the fact that the imprisonment is for the contempt, not for the debt. And the contempt does not consist in the relator's neglect or refusal to pay the debt, but in his disobedience of the order directing him to hand over certain property to the receiver. The fact that the property in question is to be handed over, for the purpose of being applied to the payment of the judgment, is in no way important. The commitment is, nevertheless, in no proper sense imprisonment for debt.

Section 7 of the bill of rights declares that no person shall be deprived of liberty without " due process of law." By due process of law is to be understood " law in its regular course of administration through courts of justice." 2 Kent, 13 ; *Baker* v. *Kelley*, 11 Minn. 480 ; *Rowan* v. *State*, 30 Wis. 129 ; Sedgwick Const. Law, 2d ed., 474, and note ; Cooley Const. Lim. 351. The commitment in this case was by due process of law, within this definition. It was made in the regular course of administration, through a court of justice, of a general law—a law, which, in the often-quoted language of Mr. Webster in the Dartmouth College case, " hears before it condemns ; which proceeds upon enquiry, and renders judgment only after trial."

Section 6 of the bill of rights provides that in all criminal prosecutions the accused shall enjoy the right to a jury trial, and section 7, that no person shall be held to answer for a criminal offence unless upon the action of a grand jury, etc. These constitutional provisions have no application to a case

of this kind. There was no criminal prosecution here, nor was the relator held to answer for a criminal offence, in the meaning of the constitution. If the relator is punishable criminally for his misconduct at all, it is not under the provisions of law under which this commitment was made, but under section 15 of the chapter upon contempts. Gen. St. c. 87.

Section 4 of the bill of rights, which provides that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law," etc., is also inapplicable to this case. That has reference to cases between parties, and not to a proceeding by a court to punish for contempt. Trial by jury in such proceedings would not only be a thing without precedent, but intrinsically inappropriate. It would seem to be a necessity that a court should have in its own hands the power to punish contempts of its authority.

This disposes of the relator's position as respects the matter of unconstitutionality.

It was objected to the warrant of commitment, and the judgment upon which it was founded, that it did not affirmatively and explicitly appear from them that the property which the relator was ordered to deliver to the receiver was not exempt from execution. The proceedings in this case having been had in a court of general jurisdiction, the jurisdiction of which over the person of the relator, and of the case before it, appears, the general presumption in favor of the correctness of the judgments of such courts applies in this instance. In the absence of a proper showing to the contrary, the general adjudication is to be taken as involving and including an adjudication upon whatever minor facts are necessary to authorize it. It is not required that the adjudication of all such minor facts shall be recited. *People* v. *Nevins*, 1 Hill, 154; *Seaman* v. *Duryea*, 11 N. Y. 324; 1 Crary's Pr. 206. The same remarks are applicable to one or two other points made by the relator, to which it is unnecessary more particularly to advert.

The writ of *habeas corpus* is discharged, and the relator remanded.