## MEEKS *v.* STATE.

### Opinion delivered November 26, 1906.

1. IMPRISONMENT FOR DEBT—CONTEMPT PROCEEDING.—An order directing that a person be imprisoned as punishment for disobedience of an order directing the payment by him of specific funds adjudged to be in his hands is not an imprisonment for debt, within Const. 1874, art. 2, § 16. (Page 581.)

2. CERTIORARI—PRACTICE.—Errors within the jurisdiction of a superior court may not be reached by certiorari. (Page 582.)

3. JUDGMENT—CONCLUSIVENESS.—Where a court had jurisdiction to render a decree, the fact that the decree was erroneous would not excuse disobedience on the part of those bound by its terms until it was reversed. (Page 582.)

4. SAME—EFFECT OF TAKING APPEAL.—The fact that a decree has been appealed from does not excuse a party for disobeying it until it has been superseded. (Page 582.)

5. APPEAL—CURTAILMENT OF RIGHT.—The statutory right to appeal from a decree within one year is not curtailed by an order requiring the payment of money within ten days. (Page 582.)

6. EQUITY—BRINGING UP EVIDENCE.—Oral evidence heard in a chancery cause may be brought into the record in three ways only, either by

embodying the evidence in the record entry, or by bill of exceptions, or by reducing it to writing at the time and filing same as part of the record. (Page 583.)

Certiorari to Polk Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*J. I. Alley,* for petitioner.

1. The arrest and imprisonment of petitioner is for debt in a civil action, without allegation or proof of fraud in its contracting, and is a violation of his constitutional rights.

2. From the facts appearing by his sworn response, petitioner is not in wilful contempt.

3. Standridge & Meeks prayed for and were granted an appeal to this court. Thereafter they were by statute allowed 30 days in which to execute supersedeas bond and supersede the judgment, and one year in which to lodge their transcript in the Supreme Court. The order requiring petitioner to pay over within 10 days was arbitrary, and in effect denied him the right of appeal.

McCULLOCH, J. The petitioner, W. M. Meeks, seeks to have this court review, on certiorari, the proceedings of the chancery court of Polk County wherein he was adjudged to be in contempt of said court for failure to obey its final decree in a cause in which he was a party.

The Ferguson Lumber Company brought suit in said court against Standridge & Meeks, a partnership composed of petitioner and S. L. Standridge, and also against the Walker Lumber Company, to recover of Standridge & Meeks the sum of $1,281.06 debt, and to have a lien declared in favor of the plaintiffs on a lot of lumber which said Standridge & Meeks had manufactured for the plaintiffs, but which had, as was alleged, been wrongfully sold to Walker Lumber Company.

The court rendered a final decree in the cause in favor of the plaintiffs against Standridge & Meeks for recovery of the amount of the debt, but found that the Walker Lumber Company was an innocent purchaser of the lumber without notice of the plaintiff's rights therein. The court further found that, of the purchase price paid by the Walker Lumber Company for the lumber, Standridge & Meeks had the sum of $287 in their possession at the time of the final hearing, and ordered them to pay

said sum over to plaintiff within ten days to be credited on said debt. Standridge & Meeks prayed and obtained an appeal to this court. They failed to comply with the decree of the court with reference to the payment of said sum of $287, and the petitioner, Meeks (Standridge not being found), was cited to appear and show cause why he should not be punished for contempt in failing to obey the orders of the court. On the return day of the citation the petitioner appeared, and on hearing of the matter he was adjudged to be in contempt of the court and committed to jail until he should purge himself of the contempt or until the further orders of the court.

It is first contended on behalf of the petitioner that imprisonment for debt in a civil action is the effect of the order of commitment, and that this is forbidden by the Constitution (art. 2, § 16, Const. 1874).

There are some courts which hold, in view of constitutional provisions forbidding imprisonment for debt, that disobedience of an order for payment of money under a judgment or decree can not be punished as a contempt; but, according to the decided weight of authority, an order directing the payment of specific funds adjudged to be in the possession or control of the person at the time of the trial may be enforced by contempt proceeding, and punishment may be inflicted for disobedience of the order. *State* v. *Becht,* 23 Minn. 411; In re *Milburn,* 59 Wis. 24; *Leach* . v. *Peabody,* 58 Vt. 485; *Eikenberry* v. *Edwards,* 67 Iowa, 619; *Pritchard* v. *Pritchard,* 18 Ont. 173; Ex parte *Cohn,* 55 Cal. 193.

In one of the cases cited above the Supreme Court of Minnesota said: "In the case at bar the imprisonment is for the contempt in refusing to obey an order of the court. It is true that the order relates to the debt evidenced by the judgment against the relator, but this in no way alters the fact that the imprisonment is for the contempt, not for the debt. And the contempt does not consist in the relator's neglect or refusal to pay the debt, but in his disobedience of the order directing him to hand over certain property to the receiver. The fact that the property in question is to be handed over for the purpose of being applied to the payment of the judgment is in no way important. The commitment is, nevertheless, in no proper sense imprisonment for debt."

The Supreme Court of Wisconsin, in the Milburn case, *supra,* said: "The attempt to conceal and keep from the receiver money and choses in action, thus ordered to be delivered up, and upon which the creditor, by such equitable levy, had procured such equitable lien, was not only a fraud upon the rights of the creditor, but a contempt for the authority of the judge. The mere fact that the contempt was in proceedings supplementary to a judgment founded upon a contract did not make it any the less a contempt, nor prevent its being punished as such."

It may be that the decree of the court finding the specific funds arising from sale of the lumber to be in the hands of petitioner and his co-partners and directing them to pay it over to the plaintiff in that suit was erroneous. We do not know. We are not reviewing that proceeding now, and have not before us the evidence upon which the chancellor based his decree. The court had jurisdiction to render such a decree, and the fact that it was erroneous would not excuse disobedience on the part of those who were bound by its terms until reversed. *Russell* v. *Mohr-Weil Lumber Co.,* 102 Ga. 563; *Tolman* v. *Jones,* 114 Ill. 147; *Jenkins* v. *State,* 59 Neb. 68; *Forrest* v. *Price,* 52 N. J. Eq. 16; *Vanvabry* v. *Staton,* 88 Tenn. 334.

Nor does the fact that the decree has been appealed from excuse disobedience until the same has been superseded in the manner provided by law. The appeal alone does not stay proceedings under the decree, and as long as the decree remains in force its terms must be obeyed.

It is also contended that the order to pay over the money within ten days curtailed the period of one year given by statute for taking an appeal. The decree was not superseded during the time given for taking an appeal, and the pendency of the right of appeal did not stay the enforcement of the decree. The enforcement can, at any time, be superseded by giving bond as provided by law.

The petitioner appeared in response to the citation and filed his response, setting forth, among other grounds for his failure to obey the order of court, a statement that he had, within ten days after the date of the decree, delivered the money in question to his partner, Standridge, with directions to take it to Mena, the county seat, and pay it into the registry of the court, but that

said Standridge had disobeyed said direction and fled the country. This response set forth a good excuse for failure to pay over the money, but we have no evidence before us to substantiate the plea.

The order of the court adjudging petitioner to be in contempt, and committing him to jail recites that the matter was heard upon oral testimony, but that testimony is not brought before us for our consideration, and we must presume that it sustained the finding of the chancellor. *Casteel* v. *Casteel*, 38 Ark. 477. It is true that there appears in the transcript what purports to be the testimony of the petitioner and another witness introduced by him which the clerk certifies to be the substance of the evidence as he remembers it. This is not the way to bring oral testimony upon the record in a chancery case. It can be done only by embodying the evidence in the record entry or in bill of exceptions certified by the chancellor, or by reducing it to writing at the time and filing same as a part of the record.

This rule applies to contempt proceedings except in cases where the acts constituting the contempt occur in the presence of the court, in which case the facts should be set out in the judgment. Ex parte *Davies*, 73 Ark. 358.

No error appearing in the record, the prayer of the petition is denied, and the judgment is affirmed.