HARRISON *v.* HARRISON

5-3474                                            394 S. W. 2d 128

Opinion delivered October 4, 1965.

*Guy H. Jones,* for Petitioner.

*Gordon & Gordon,* for Respondent.

ED. F. McFADDIN, Associate Justice. This is a *certiorari* proceeding, seeking review of an order of the Conway Chancery Court of June 26, 1964, holding the petitioner, Bobby Harrison, to be guilty of civil contempt.[2]

The petitioner, Bobby Harrison, and Lola Harrison were divorced by decree of the Conway Chancery Court dated September 12, 1962, and the following are portions of so much of the divorce decree as are germane to this present proceeding:

"The Court further finds that during their marriage plaintiff and defendant were the owners as tenants by the entirety of the following lands: [Described] . . . "That defendant sold said lands for $6,000.00 and now has said money in his possession. That plaintiff is en-

---

[1] The distinction between civil contempt and criminal contempt is discussed in *Blackard v. State,* 236 Ark. 20, 364 S. W. 2d 155. Certiorari as the remedy for review in contempt matters is discussed in *Blackard* v. *State* (*supra*) and in *Ex parte Johnson,* 221 Ark. 77, 251 S. W. 2d 1012. The extent of review by this Court is also discussed in *Ex parte Johnson* (*supra*) and in *Blackard* v. *State* (*supra*). A recent case on contempt is *Ex parte Coffelt,* 239 Ark. 324, 389 S. W. 2d 234. An interesting annotation may be found in 12 A. L. R. 2d 1059.

titled to one-half of the proceeds derived from the sale of said property . . . .

"The Court further finds that defendant is the owner of ten (10) head of cattle and that plaintiff is entitled to one-third of the value of said cattle. That the defendant is given thirty (30) days in which to purchase plaintiff's one-third interest in said cattle, and if defendant has not paid plaintiff for her one-third interest in said cattle, within 30 days then it is directed that said cattle, or so much thereof as is necessary to pay plaintiff for her one-third interest, to be sold and plaintiff paid for one-third of the value of said cattle."

On June 15, 1964 Lola Harrison filed her motion alleging the provisions in the divorce proceedings; and we copy pertinent excerpts of the motion:

"The Court further found that defendant had sold said lands for $6,000.00 and that defendant had said money in his possession, and ordered the defendant to pay plaintiff $3,000.00 for her one-half interest in the proceeds of the sale.

"That defendant has failed and refused to obey the order of the court and has failed to pay said money to plaintiff. That said money is in cash and cannot be reached by execution or any other action to enforce said decree.

"That defendant should be required to show cause why said money has not been paid and that he should be directed by this Court to deliver the said $3,000.00, together with interest from the date of the decree, to the plaintiff, and upon his failure to do so he would be punished for contempt.

"Further plaintiff states that said decree of September 12, 1962, found that defendant was the owner of ten head of cattle and plaintiff was awarded a one-third interest in said cattle. That defendant has now disposed of cattle and has failed to deliver to plaintiff her one-third interest. That defendant should be required to

show cause why said money has not been delivered to plaintiff, and upon his failure to do so he should be punished for contempt.''

The Chancery Court conducted a hearing on the said motion, at which hearing Bobby Harrison was present in person and represented by counsel. The evidence taken *ore tenus* is shown on some sixty pages of the transcript before us; but none of such evidence has been completely abstracted by the petitioner or the respondent. At the conclusion of the hearing the Chancery Court entered its order of June 26, 1964; and we copy the germane portions:

''That on September 12, 1962, decree was entered by the Chancery Court of Conway County, Arkansas, in which said Court found among other things that the defendant had sold certain lands owned by the plaintiff and defendant as tenants by the entirety for $6,000.00, and that the plaintiff, Lola Harrison, was entitled to one-half of the proceeds of said sale, to-wit: $3,000.00. And the Court further found in said Decree that the defendant, Bobby Harrison, was the owner of ten head of cattle and the said Lola Harrison was entitled to one-third of the value of said cattle.

''The Court Further Finds that the said defendant, Bobby Harrison, did not pay to the plaintiff, Lola Harrison, the sum of $3,000.00, and that he has failed to comply with the Order of September 12, 1962, and that the said defendant, Bobby Harrison, should be and is hereby held in contempt of this Court.

''The Court further finds that the defendant, Bobby Harrison, has disposed of the ten head of cattle mentioned in the Decree of September 12, 1962, and that the plaintiff, Lola Harrison, is awarded the sum of $3,000.00, representing one-third of the value of said cattle.

''The Court further finds that the defendant, Bobby Harrison, shall be committed to the custody of the Sheriff of Conway County and by said Sheriff committed to the Conway jail until the above amounts, together with interest from September 12, 1962, are paid, . . . .''

It is from the aforementioned order of June 26, 1964 that this *certiorari* proceeding is prosecuted. Since the oral testimony is not abstracted, the burden of the petitioner's argument is, that he is about to be imprisoned for debt in violation of his constitutional rights under Article 2, Section 16 of the Arkansas Constitution. We thus have before us the bare question of whether the order of the Conway Chancery Court of June 26, 1964 shows on its face, that petitioner, Bobby Harrison, is about to be imprisoned for debt, rather than to be punished for contempt of court in a civil case. The answer to the question is found in our holding in *Meek v. State,* 80 Ark. 579, 98 S. W. 378, wherein we said:

"It is first contended on behalf of the petitioner that imprisonment for debt in a civil action is the effect of of the order of commitment, and that this is forbidden by the Constitution (art. 2 § 16, Const. 1874).

"There are some courts which hold, in view of constitutional provisions forbidding imprisonment for debt, that disobedience of an order for payment of money under a judgment or decree can not be punished as a contempt; but, according to the decided weight of authority, an order directing the payment of specific funds adjudged to be in the possession or control of the person at the time of the trial may be enforced by contempt proceeding, and punishment may be inflicted for disobedience of the order. *State* v. *Becht,* 23 Minn. 411; *In re Milburn,* 59 Wis. 24; *Leach* v. *Peabody,* 58 Vt. 485; *Eikenberry* v. *Edwards,* 67 Iowa 619; *Pritchard* v. *Pritchard,* 18 Ont. 173, *Ex parte Cohn,* 55 Cal. 193.

"In one of the cases cited above the Supreme Court of Minnesota said: 'In the case at bar the imprisonment is for the contempt in refusing to obey an order of the court. It is true that the order relates to the debt evidenced by the judgment against the relator, but this in no way alters the fact that the imprisonment is for the contempt, not the debt. And the contempt does not consist in the relator's neglect or refusal to pay the debt, but in his disobedience of the order directing him

to hand over certain property to the receiver. The fact that the property in question is to be handed over for the purpose of being applied to the payment of the judgment is in no way important. The commitment is, nevertheless, in no proper sense imprisonment for debt.'

"The Supreme Court of Wisconsin, in the Milburn case, *supra,* said: 'The attempt to conceal and keep from the receiver money and choses in action, thus ordered to be delivered up, and upon which the creditor, by such equitable levy, had procured such equitable lien, was not only a fraud upon the rights of the creditor, but a contempt for the authority of the judge. The mere fact that the contempt was in proceedings supplementary to a judgment founded upon a contract did not make it any the less a contempt, nor prevent its being punished as such.' "

Writ denied.