Dale BOOTH et al *v.* Ken BAER et al

77-351                                        563 S.W. 2d 709

Opinion delivered April 3, 1978
(Division II)

*Joseph C. Kemp,* for appellants; *Floyd J. Lofton,* for intervenors.

*Howell, Price, Howell & Barron, P.A.,* for appellees.

CONLEY BYRD, Justice. The trial court enjoined the use of the sergeant's eligibility promotion list of the Little Rock Police Department, as certified by the Little Rock Civil Service Commission [hereinafter referred to as Commission] on June 23, 1977. The appellants, the City Manager of Little Rock, members of the Little Rock Civil Service Commission and several intervening patrolmen, have appealed.

The law under which the Little Rock Civil Service Com-

mission performs its duties, so far as applicable, Ark. Stat. Ann. § 19-1603 (Repl. 1968 and Supp. 1971), provides:

"The Board of Civil Service Commissioners herein provided shall prescribe, amend and enforce rules and regulations governing the fire and police departments of their respective cities, and said rules and regulations shall have the same force and effect of law. They shall keep a record of its examinations and shall investigate the enforcement and effect of this act [§§ 19-1601.1— 19-1618] and the rules as provided for herein.

These rules shall provide:

1st. For the qualifications of each applicant for appointment to any position on the police or fire department; . . .

2nd. For open competitive examination to test the relative fitness of applicants for such positions.

3rd. For public advertisement of all examinations by publication of notice in some newspaper having a bona fide circulation in such city and by posting of notice at the city hall at least ten (10) days before the date of said examinations. Said examinations may be held on the first Monday in April and/or the first Monday in October, and more often if necessary, under such rules and regulations as may be prescribed by the Board of Civil Service Commissioners.

4th. For the creation of eligible lists for each rank of employment in said departments in which shall be entered the names of the successful candidates in the order of their standing in the examination. . . .

. . .

9th. For promotion based upon open competitive examinations of efficiency, character and conduct, lists shall be created for each rank of service and promotions made therefrom as provided herein, and advancement in rank or increase in salary beyond the limits fixed for the

grade by the rules of said commission shall constitute a promotion."

In addition, Ark. Stat. Ann. § 19-1607 (Repl. 1968) provides:

"All examinations provided for herein shall be fair and impartial, and such as to test the qualification of the applicants for the particular service and position to be filled."

The record shows that the Commission, in certifying the eligibility list, uses a point system as follows:

| | | |
|---|---|---|
| Written test | | 40% |
| Seniority | | 20% |
| Oral Examination | | 20% |
| Rating by Chief | | 10% |
| Rating by Supervisor | | 10% |
| | Total | 100% |

For the year in question the oral examination was conducted by Dr. R. D. Pursley, a University of Arkansas Professor, Larry Fletcher, a lieutenant with the Arkansas State Police and Mrs. Irma Fingers Hendricks, a resident of Pulaski County. After the first day of interviewing patrolmen, Mrs. Hendricks was called from her duties because of a personal emergency (apparently involving a member of her family), and the oral examinations were continued, at the direction of the Director of Personnel for the City of Little Rock, by Dr. Pursley and Lieutenant Fletcher. The oral examinations were conducted by asking questions and recording the examiner's opinion of the respective applicant according to a scale of "a, b, c, d, or e" on (1) Supervisory Ability, (2) Administrative Ability, (3) Judgment, (4) Investigative Ability, (5) Effectiveness of Expression, (6) Alertness, (7) Self-confidence, (8) Tact and Diplomacy, and (9) Appearance. Thereafter, the scores were computed by the Director of Personnel of the City of Little Rock, or under his supervision, and were certified by the Commission according to the rank of the total score computed by the Director. The Commission did know that only Dr. Purley's and Lieutenant Fletcher's gradings were used.

For the reasons hereinafter stated, we find that the trial court must be affirmed.

(1) The record as abstracted does not show the qualifications designated for a police sergeant.

(2) The record does not show that the personality traits, upon which the applicants were examined, have been determined by the Commission to be necessary and important to the position to be filled.

(3) While the official rules and regulations provide for an examination, appellants have cited no rule or regulation delegating the oral examination to a panel or how the panel is to be selected. The minutes of the Commission approving the use of a panel can hardly be said to constitute a rule prescribed in accordance with Ark. Stat. Ann. § 19-1603, *supra.*

(4) Even if the minutes of the Commission meeting could be said to constitute a delegation of the oral examination to a panel, still the panel used by the Director of Personnel cannot be said to be a panel selected in accordance with a rule or regulation of the Commission — *i.e.,* the record shows that the Commission had not authorized the substitution of a two member panel for a three member panel.

Without the establishment of some measurable standards capable of review by which the panelist should examine the applicants, a delegation to a panel to hold an oral examination as the panel deems necessary would constitute an unlawful delegation of the Commission's authority, *North Little Rock* v. *McDougal,* 198 Ark. 388, 129 S.W. 2d 589 (1939). See also *Stoor* v. *Seattle,* 44 Wash. 2d 405, 267 P. 2d 902 (1954). In *Almassy* v. *Los Angeles County Civil Service Commission,* 34 Cal. 2d 387, 210 P. 2d 503 (1949), upon which appellants rely for reversal, we find this statement:

"To be sure, there must be measurable standards established for determining the general proficiency of the candidates for the particular position, but the fact that such standards were subjective rather than objective does not prevent the classification of the 'oral interview' as a 'competitive' examination. The various

aspects of the personality factors, as previously determined by the commission to be 'necessary and important' to the position to be filled, were itemized for consideration by the examiner as the measuring rod and guidepost in his evaluation process as to the personal fitness of the candidate, so that it cannot be said that there was no effective common cirterion of base topics underlying the comparative ratings."

Upon the record before us, we can find no measurable standard for determining the general proficiency of the candidates capable of review.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HOLT, JJ.