Nancy Helen NEHRING *v.* Aubrey Thomas TAYLOR

79-42                                          583 S.W. 2d 56

Opinion delivered July 2, 1979
(In Banc)

*Walters, Davis & Cox,* by: *James O. Cox,* for appellant.

*Wiggins, Christian & Garner,* by: *Eddie N. Christian,* for appellee.

DARRELL HICKMAN, Justice. This appeal from the Sebastian County Chancery Court involves the registration of a

Texas divorce decree and the enforcement of it.

The appellant, Nancy Nehring, formerly Nancy Taylor, was granted a divorce from the appellee, Aubrey Taylor, in 1974 by a Texas court having jurisdiction over the parties and cause. The decree granted the appellant a 43% interest in the appellee's U.S. Air Force retirement benefits (his pension). Texas recognizes such benefits to be community property subject to a division in a divorce case. *Cearley* v. *Cearley*, 544 S.W. 2d 661 (Tex. 1976); *United States of America* v. *Stelter*, 567 S.W. 2d 797 (Tex. 1978).

The appellant later petitioned the Texas court to find the appellee in contempt of court for failure to pay over the retirement benefits as ordered. The Texas court found the appellee in contempt of court for failure to pay the benefits and ordered the appellee confined 90 days in jail. The court ruled that the appellee could purge himself of contempt by signing an irrevocable letter of allotment, filing it with the appropriate federal agency, and paying the arrearages and costs.

The appellee apparently moved to Arkansas before the Texas order could be executed.

The appellant filed the Texas decree and contempt order with the Sebastian County Chancery Court seeking registration of the decree and order as foreign judgments. This is as provided for in Ark. Stat. Ann. § 29-801, et seq. (Repl. 1962).

The appellee was personally served with notice as required by law and, after issue was joined, the chancellor entered an order registering the decree and order, but withholding execution until a hearing could be held. The appellant then filed a petition with the Sebastian County Chancery Court asking that the appellee be held in contempt for refusal and failure to comply with the Texas decree and order.

After a hearing, the chancellor found the appellee to be in arrears and obligated to pay the sum of $1,792.01, for which judgment was granted. Also, the appellee was found in contempt for failure to comply with the orders of the court

and sentenced to 30 days in jail — he could purge himself of contempt by paying the amount adjudged owned. All further requests of the appellant for relief were denied and the cause was dismissed, the matter being referred back to the Texas court.

The appellant argues the chancellor should have adopted the Texas contempt order as its own; that is, the 90 day jail sentence and order for the appellee tos sign an allotment should have been recognized as a foreign decree entitled to registration and enforcement.

The order of the chancellor is somewhat ambivalent. First, it accepts the Texas decree and contempt order as being entitled to registration; it finds an arrearage due; and it finds the appellee in contempt for violation of the Sebastian County Chancery order, and sentences the appellee to 30 days in jail. Finally, it dismisses the matter.

We can only fairly conclude that the chancellor accepted the Texas decree as one subject to registration, and reduced the arrearage due to judgment. The court then ordered the appellee to pay the arrearage and when he failed to do so, held the appellee in contempt. Apparently the court declined to adopt the Texas order of contempt requiring the allotment to be signed.

The trial court correctly refused to accept the Texas contempt order as a foreign decree entitled to full faith and credit. We said in *Stilley v. Stilley*, 219 Ark. 813, 244 S.W. 2d 958 (1952):

> It is a well established rule that the power to judge a contempt rests exclusively with the court contemned, and that no court is authorized to punish a contempt against another.

The chancellor was also correct in ordering the registration of the Texas decree as being one entitled to full faith and credit. Leflar, The New Uniform Foreign Judgment Act, 3 Ark. L. Rv. 402 (1949). Once it was registered, the trial court had the authority to treat the Texas decree as its own and enforce it

by contempt proceedings. *Holley* v. *Holley*, 264 Ark. 35, 568 S.W. 2d 487 (1978). (For the extent of a chancellor's authority in a contempt proceeding, see *Harrison* v. *Harrison*, 239 Ark. 756, 394 S.W. 2d 128 (1965) ).

In other words, the chancellor was not bound to accept the contempt order from Texas and required to execute it as it provided; however, the chancellor could have, in her discretion, for good cause, entered a like contempt order for disobedience of an order she entered.

The trial court was wrong in dismissing the case. While some jurisdictions do not favor registration of a foreign decree requiring future payments, such as alimony or child support, we favor that view. *Holley* v. *Holley, supra.* See also, ALR 2d, Later Case Service (1959), 18 ALR 2d 862-877, § 5. Otherwise, parties could never, as a practical matter, enforce judgments and decrees if one party left the state of original jurisdiction. It should not be necessary to go back to the original state, petition for judgment, then take the judgment to another state for registration and enforcement, as arrearages accrue. Once a decree or judgment is accepted as proper for registration, then it becomes in effect an Arkansas judgment, and will remain on the judgment books to be enforced by Arkansas in the future.

Therefore, the matter is remanded, with instructions for the chancellor to reinstate the Texas divorce decree, to be treated as an Arkansas decree. Otherwise, the judgment is affirmed.