P.T. "Pete" PINCKNEY, et al. *v.* MASS
MERCHANDISERS, INC.

CA 85-75                                        698 S.W.2d 310

Court of Appeals of Arkansas
Division II
Opinion delivered November 6, 1985

*Wright, Lindsey & Jennings*, for appellant.

*Rose Law Firm, A Professional Association*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from an order of the Boone County Circuit Court denying the appellant's motion to set aside an order which found the appellants in contempt of court, imposed a civil fine in the amount of $5,000.00, and ordered the appellant's answers to the complaint of the appellee stricken. We affirm.

The appellee filed a complaint against the appellants in July 1982, alleging that it had suffered damages occasioned by the appellants' breach of contract. The prayer for relief sought damages, possession of certain computer hardware and software, and an injunction prohibiting the appellants from disposing of the software. The next day, the circuit judge issued an *ex parte* order allowing the appellee to repossess the computer equipment from the appellants. The order expressly provided that the appellants' failure or refusal to surrender the equipment would be punishable as contempt.

The appellants filed a motion to dismiss the complaint, alleging that the court had no personal jurisdiction over them, and the motion also requested that the court stay its repossession order. The circuit judge denied the motion to dismiss, and allowed the appellants 10 days to answer the complaint. The appellants filed separate answers, but refused to allow the appellee to take possession of the equipment. In April 1983, the circuit court again issued an order authorizing the repossession, expressly providing that failure to allow the repossession would be punishable as contempt.

The appellee attempted to secure possession of the equipment, but the appellants prevented the repossession. The appellee then filed a motion seeking to have the appellants held in contempt. The appellants countered by filing a motion to transfer the case to chancery court on the grounds that the complaint was actually an action for an accounting, traditionally heard in equity, and that the appellees were really seeking equitable relief. The motion also contained language which inferred that the appellants still contested the court's personal jurisdiction over them. Before the circuit court acted on the motion to transfer, a consent order was entered in which the appellants agreed to deliver the computer equipment to the appellee. The consent order also contained the warning that failure to deliver the

equipment would be punishable as contempt. The appellants never obtained a ruling on their motion to transfer.

Again the appellants refused to deliver the equipment. The appellee again filed a motion seeking to have the appellants held in contempt, to strike their answers, and to enter default judgments against them. The appellants were given notice of a hearing which was scheduled on the motion and on April 26, 1984, after the appellants failed to appear, the court found the appellants in contempt and ordered their answers stricken, which precluded them from contesting liability. The court awarded the appellee $1,271.25 in costs and expenses, and imposed a civil fine in the amount of $36,910.00 on the appellants.

The appellants then filed a motion to set aside the contempt order and partial judgment. The motion was based, *inter alia*, on the grounds that the court lacked personal jurisdiction over the appellants. The court held a hearing on the motion, with the parties represented by counsel, and reduced the fine to $5,000.00 because the equipment had finally been delivered. The court refused to set aside the finding of contempt and the partial judgment, and stated that "all other sanctions" previously imposed (including the striking of the appellants answers) were to remain in force. From that decision, comes this appeal.

The appellants' first argument on appeal is that the circuit court lacked subject matter jurisdiction over them because the complaint sought injunctive relief and an accounting. Therefore, say the appellants, the original repossession order was void and they could not be validly held in contempt of the void order. We disagree with the appellants' argument. First, the complaint does not pray for an accounting. The term "accounting" merely appears in the complaint as part of a quotation of the terms of the contract entered into between the parties. Second, circuit courts are not wholly without jurisdiction to grant injunctions.

Under the Arkansas Constitution, circuit courts are the reservoir of unassigned judicial power; they have original jurisdiction in all cases where jurisdiction is not expressly vested in another court. *Russell* v. *Cockrill, Judge*, 211 Ark. 123, 199 S.W.2d 584 (1947). The correct way to determine the circuit court's jurisdiction is to first determine what class of cases are expressly entrusted to the jurisdiction of other tribunals, with the

great residuum belonging concurrently or exclusively to the circuit court. *State* v. *Devers*, 34 Ark. 188 (1879). In order to successfully attack the circuit court's jurisdiction, it must be shown that another court has been granted exclusive jurisdiction of the subject matter. *Russell, supra.* Counsel has not cited, nor has our research discovered, an Arkansas case construing Ark. Stat. Ann. Section 22-404 (Repl. 1962), which grants the chancery court original jurisdiction in "all matters in equity," to mean that injunctive relief is solely within the jurisdiction of the chancery court. The mere allegation of an equitable principle in the complaint, unsupported by factual allegations, is insufficient to give courts of equity exclusive jurisdiction over the subject matter. *See Duncan* v. *Baxter*, 222 Ark. 955, 264 S.W.2d 395 (1954). Since the circuit court was not wholly without jurisdiction, we find no merit to this argument.

■■ The circuit court's refusal to set aside the finding of contempt is appealable because it is a final disposition of the contempt matter pending between the appellants and the court. The proper procedure for review of contempt citations is by appeal. *Frolic Footwear* v. *State*, 284 Ark. 487, 683 S.W.2d 611 (1985).

■ The appellants argue that the circuit judge abused his discretion in denying their motion to set aside the contempt order because their actions, which they allege were taken on the advice of Tennessee counsel, did not constitute willful conduct. We disagree. We hold that the trial judge's finding of contempt is not against the preponderance of the evidence and that he did not abuse his discretion in refusing to set aside his earlier order. Our review of a finding of contempt is limited to examining the findings of the trial court, and overruling those findings only if they are against the preponderance of the evidence. *Ex Parte Johnston*, 221 Ark. 77, 251 S.W.2d 1012 (1952).

We affirm the trial court's decision, and we remand for further proceedings on the remaining question of damages.

Affirmed and remanded.

CORBIN, J., agrees.

GLAZE, J., concurs.

Toм GLAZE, Judge, concurring. I concur. Our Court's recitation concerning the basis on which the circuit court could issue an injunction, I believe, is best supported by the supreme court's decision in *Daley* v. *Digby*, 272 Ark. 267, 613 S.W.2d 589 (1981). Here, as in *Daley*, the chancery court clearly had no exclusive jurisdiction of this cause so, once the circuit court acquired jurisdiction of this contract action, it could also issue any necessary injunctive relief. In all other respects, I agree with the majority opinion.