Millard CUMMINGS *v.* Earnest FINGERS, Sr., and Oleitt Fingers

88-92 753 S.W.2d 865

Supreme Court of Arkansas
Opinion delivered July 18, 1988

*Lohnes T. Tiner*, for appellant.

*John D. Bridgeforth, P.A.*, for appellee.

TOM GLAZE, Justice. This case involves a farm lease which resulted in the appellees, as lessors, obtaining a default judgment in circuit court against appellant, lessee, for past due rental payments in the amount of $5,250.00. After learning the Agriculture Stabilization and Conservation Service (ASCS) was holding deficiency and disaster funds payable to appellant in the sum of $10,000.00, appellees filed a writ of garnishment against ASCS's local office in an effort to obtain satisfaction of their judgment against the appellant. When ASCS ignored the garnishment proceeding, appellees then petitioned the court to compel the appellant to obtain the funds from ASCS and to place them with the registry of the court, so the court could determine the parties' respective rights to the funds. Appellant objected, contending that the court had no jurisdiction and that the funds were exempt under federal law. The court agreed the ASCS was not subject to the court's orders and dismissed appellees' writ of garnishment proceeding; however, the judge held the court did have inherent power, including contempt powers, to direct the appellant to deposit the funds, equal to the amount of the judgment, in its registry. After paying those funds into the court, appellant brought this appeal.

Citing 15 U.S.C.A. § 714b(c) (West Supp. 1988), appellant's primary argument is that neither ASCS nor its property is subject to attachment, injunction, garnishment or similar process and that the trial court's order here was merely a "left-handed" or indirect attempt at a process which is prohibited by federal law. Appellant compares the situation here to the one in *Bennett* v. *Arkansas*, ___ U.S. ___, 108 S. Ct. 1204 (1988). The Supreme Court in *Bennett* held that Arkansas's attachment of a prisoner's social security benefits under state law was in direct conflict with the social security statute, 42 U.S.C. § 407(a) (Supp. III 1982), which provides that "none of the moneys paid or payable under the Social Security Act shall be subject to execution, levy, attachment, garnishment, or other legal process."

The *Bennett* case is clearly dissimilar to the one before us.

There, the Social Security Act specifically exempted "moneys paid or payable" under the Act and as the Supreme Court said, "section 407(a) unambiguously rules out any attempt to attach social security benefits." *Cf.* 38 U.S.C. § 3101(a) (which provides that a beneficiary, of payments of [veteran] benefits due or to become due, shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary); *see also Rose* v. *Rose*, 481 U.S. \_\_\_, 107 S. Ct. 2029 (1987).

In the present case, the federal statute in question, 15 U.S.C. § 714b(c), merely codifies ASCS's right to sovereign immunity—a right the trial court acknowledged when it dismissed appellees' garnishment action against ASCS. In sum, unlike the federal laws that specifically exempt veteran and social security benefits from attachment or other similar process, the federal statute applicable here provides that the Community Credit Corporation (ASCS) and its property are not subject to attachment proceedings, but that law does not exempt funds from attachment that are paid to the recipient. *See Graves Bros.* v. *Lasley*, 190 Ark. 251, 78 S.W.2d 810 (1935). In *Graves Bros.*, a lease was breached by a tenant who was owed federal funds in return for the tenant having destroyed his cotton crops. As is true in the instant case, the funds in *Graves Bros.* were held by the local agents of the Secretary of Agriculture. In the *Graves Bros.* opinion, the court discussed the local agents' right of sovereign immunity, but then held that the impoundment and compulsory assignment of the federal-funds check to the one rightfully entitled thereto did not interfere with the public interest. In so holding, the court reasoned that when the check was issued and delivered to the local agents of the Secretary of Agriculture for delivery to the payee (tenant), or the one entitled to the proceeds under state law, the governmental agencies' interests ended.

As pointed out by appellees, the funds in issue here were made payable to the appellant as a result of his farming appellees' land under the parties' lease, and at the time appellees filed this post-judgment action, the ASCS had no further interest in these funds to which the appellant was entitled except to deliver the appellant his checks. In fact, upon the directive of the trial court, appellant collected his checks from ASCS and paid $5,556.14 into the court's registry; however, he claims he paid

these moneys into the court only because he did not wish to be incarcerated for violating the court's order. In this respect, appellant, citing article 2, § 27 of the Arkansas Constitution, claims the trial court's order was unconstitutional because if he had refused to comply with the order, he would have been imprisoned for a debt in a civil action. Appellant's abstract of record fails to reflect that he raised this constitutional issue below, so we need not address it here. *See, e.g., Morris* v. *Garmon,* 285 Ark. 259, 686 S.W.2d 396 (1985). Nonetheless, even if such issue had been presented, we see no merit in appellant's argument, since it was the prospect that appellant would willfully violate the trial court's order, not that he was unable to pay the debt, which subjected him to contempt sanctions. *See Nooner* v. *Nooner,* 278 Ark. 360, 645 S.W.2d 671 (1983); *Harrison* v. *Harrison,* 239 Ark. 756, 394 S.W.2d 128 (1965).

 While we conclude the appellant's funds from ASCS are subject to legal process by the appellees, we further hold that appellees' action, under the circumstances in this case, lies in chancery court, not circuit.[1] In his findings, the trial judge fully recognized that the type order used here, *viz.,* compelling the appellant to obtain the funds from ASCS and deposit them in the court's registry, is normally one cognizable in equity. Even so, the judge deemed it impractical for appellees to bring such an action in equity and decided his court had inherent authority to make such an order. We can not agree.

Appellees' remedy is found in Ark. Code Ann. § 16-66-418 (1987), which in relevant part provides as follows:

(a)(1) [T]he plaintiff in the execution may institute an action, by equitable proceedings, in the court from which the execution issued, or in the court of any county in which the defendant resides or is summoned, for the discovery of any money, chose in action, equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the money, chose in action, equitable or legal

---

[1] Obviously, numerous remedies such as attachment, garnishment, etc., are normally available in circuit court for a judgment creditor to pursue in his efforts to satisfy a judgment, but as previously noted, ASCS was not subject to those actions because of its sovereign immunity.

interest, and all other property to which the defendant is entitled to the satisfaction of the judgment.

(2) In such actions, persons indebted to the defendant in the execution or holding the money or property in which he has an interest, or holding the evidences or securities for the same, may be also made defendants.

* * *

(e) The court shall enforce the surrender of the money, or security therefor, or of any other property of the defendant in the execution which may be discovered in the action. For this purpose, the court may commit to jail any defendant or garnishee failing or refusing to make such surrender, until it shall be done, or the court is satisfied that it is out of his power to do so.

Section 16-66-418 was construed by this court in *Morgan Utilities, Inc.* v. *Perry County*, 183 Ark. 542, 37 S.W.2d 74 (1931), wherein Perry County previously had obtained a judgment against Morgan Utilities and others (hereinafter Morgans) in Perry County Circuit Court, and then instituted proceedings in Perry County Chancery Court under § 16-66-418 in aid of execution on its circuit court judgment. The Morgans claimed the chancery court had no jurisdiction because the judgment sought to be enforced was rendered by and issued out of the circuit court. In rejecting the Morgans' argument, this court explained that when § 16-66-418 was enacted, Arkansas only had circuit courts, which exercised both law and equity jurisdictions. However, in 1903, the General Assembly divided the circuit jurisdiction by creating a separate court of chancery, and therefore, it devolved on the chancery court whatever powers the circuit court had on its chancery side under § 16-66-418. *Morgan Utilities, Inc.*, 183 Ark. 542, 37 S.W.2d 74.[2]

---

[2] We consider this issue because it involves subject matter jurisdiction. *Tackett v. Robbs*, 293 Ark. 171, 735 S.W.2d 700 (1987). The dissenting opinions mention and discuss three earlier opinions by this court in suggesting circuit courts still have equity powers. *See Daley v. Digby, Judge*, 272 Ark. 267, 613 S.W.2d 589 (1981); *Dobbins Brothers v. Anderson, County Judge*, 199 Ark. 635, 135 S.W.2d 325 (1940); and *Lane v. Alexander*, 168 Ark. 700, 271 S.W. 710 (1925). In *Daley*, the court cited *Booth v. Baer*,

Appellees instituted this action to satisfy their judgment through a remedy which, under the circumstances presented, required an equitable proceeding as authorized under § 16-66-418. Because of the circuit court's lack of jurisdiction to grant and enforce the equitable relief sought by appellees, we reverse and remand with directions to transfer this cause to the Chancery Court of St. Francis County for proceedings to be held consistent with this court's opinion. *See Hilburn* v. *First State Bank of Springdale,* 259 Ark. 569, 535 S.W.2d 810 (1976).

NEWBERN, J., concurs.

HICKMAN, PURTLE, and HAYS, JJ., dissent.

DAVID NEWBERN, Justice, concurring. The majority opinion is correct and fully expresses my views in this case. I write only to point out that in *Monette Road Improvement Dist.* v. *Dudley,* 144 Ark. 169, 222 S.W. 59 (1920), this court held that the creation of the chancery courts in this state left no vestige of equity jurisdiction in the circuit courts. Two Arkansas cases have, however, sanctioned the granting of injunctive relief by a circuit court.

In *Daley* v. *Digby,* 272 Ark. 267, 613 S.W.2d 589 (1981), this court did so, erroneously relying on a case which noted the granting of an injunction by a circuit court but in which its power to do so was not the issue on appeal. In *Pinckney* v. *Mass Merchandisers, Inc.,* 16 Ark. App. 151, 698 S.W.2d 310 (1985), the court of appeals held that a circuit court had the power to issue an injunction because Ark. Code Ann. § 16-13-304 (1987) had

---

263 Ark. 213, 563 S.W.2d 709 (1978), in support of the proposition that a circuit court had power to issue injunctive relief. The *Booth* decision never discussed such an issue, much less did it hold that the circuit court had power to issue an injunction. The *Lane* case is wholly inapposite since it involved a replevin order which Lane violated and was found in contempt of court for having done so; both the replevin and contempt proceeding were cognizable at law and no equitable power was involved. The *Dobbins* holding was based upon a statute [now Ark. Code Ann. § 16-113-301 (1987)] which had been enacted prior to the establishment of chancery courts in 1903 — as was the situation in this court's earlier decision of *Morgan Utilities, Inc.* The *Dobbins* court never discussed its holding in *Morgan Utilities, Inc.,* and we also note that *Dobbins* involved a chancellor's issuance of a temporary injunction in aid of the jurisdiction of the circuit court and whether the chancellor had jurisdiction to dissolve it. In sum, the *Dobbins* holding is not determinative as to whether a circuit court has power to issue injunctive relief.

not been interpreted as granting chancery courts exclusive jurisdiction in equity matters. That section provides, "Chancery courts shall have original jurisdiction in all matters in equity as fully as that exercised by the circuit courts of this state in counties where no separate chancery courts have been established prior to April 27, 1903."

Neither the *Daley* case nor the *Pinckney* case cited *Monette Road Improvement Dist.* v. *Dudley, supra.* Nor did either offer a constitutional rationale to replace the one stated there. They have not been cited in the briefs in this case. If they are cited to us in the future as being inconsistent with this case, we should overrule them.

DARRELL HICKMAN, Justice, dissenting. The majority and concurring opinions gnaw on this case leaving me with the feeling that this case is one of our victims—not one of our decisions.

First, the majority says the important issue of whether one can be imprisoned for a debt is not raised; then it goes on to say it is meritless anyway. Two domestic relations cases are cited as authority for the proposition that a man can be imprisoned for the failure to pay child support. The imprisonment is supposedly for violation of the court's order, not failure to pay the debt. Of course, that is not true. The man is imprisoned for failure to pay the debt—it is just a forgiveable slight of the constitutional ban on imprisonment for a debt because of the strong moral obligation to support one's children. This case involves a simple commercial debt in which the debtor will be jailed if he does not come up with the money. Isn't that imprisonment for failure to pay a debt?

The concurring opinion takes this case as an opportunity to try to tidy up the law on the question of jurisdiction of circuit and chancery courts, in the process, sideswiping one of our decisions and a court of appeals' decision.

(I only point out that the circuit court has the inherent authority to issue any orders necessary to exercise its jurisdiction. *Arkansas State Police Commission* v. *Davidson,* 252 Ark. 137, 477 S.W.2d 852 (1972) (concurrence); *Dobbins Bros.* v. *Anderson,* 199 Ark. 635, 135 S.W.2d 325 (1940). If that order happens to be an injunction, it can still be issued. *Dobbins Bros., supra.*)

That brings me to the reason I write in the first place. It is the

presence in this case of the legal mutation, the so-called mandatory injunction, which I have discussed before. *Springdale Board of Education* v. *Bowman,* 294 Ark. 66, 740 S.W.2d 909 (1987). That creature simply does not exist, and the fact that the majority has recognized it bestows upon it no legitimacy. The case should be dismissed because there is no such remedy.

If I were to reach the merits, I would not treat so casually the question of using the powers of the courts to jail a man to collect a debt.

PURTLE, J., joins the dissent.

STEELE HAYS, Justice, dissenting. I take exception to that part of the decision holding that this case must be transferred to equity because a court of law has no jurisdiction to order the appellees to deliver the ASCS check to the court. Clearly the circuit court had jurisdiction over the subject matter and the parties and I believe it has the inherent power to issue such orders in the exercise of its jurisdiction as may be necessary to effect full relief. *See, Pinckney* v. *Mass Merchandisers, Inc.,* 16 Ark. App. 151, 698 S.W.2d 310 (1985); *Daley* v. *Digby, Judge,* 272 Ark. 267, 613 S.W.2d 589 (1981); *Ark. State Police Comm'n* v. *Davidson,* 252 Ark. 137, 477 S.W.2d 852 (1972) (Fogleman, J., conc.); *Dobbins Brothers* v. *Anderson, County Judge,* 199 Ark. 635, 135 S.W.2d 325 (1940); *Lane* v. *Alexander,* 168 Ark. 700, 271 S.W. 710 (1925).

In *Pinckney,* for example, a breach of contract case, the circuit court ordered the defendant to allow the plaintiff to repossess certain property. The attack on the circuit court's jurisdiction to make such an order was found to be without merit. The Court of Appeals noted that injunctive relief was not solely within the jurisdiction of the chancery court, and, as stated in a concurring opinion, once the circuit court had acquired jurisdiction of the contract action, it could also issue any necessary injunctive relief, citing *Daley* v. *Digby, supra.*

In *Lane* v. *Alexander, supra,* the circuit court, much like the case before us, ordered the defendant to jail until he delivered up property belonging to the plaintiff. In affirming, we said:

> 'A court having jurisdiction to render a judgment or decree, has authority and jurisdiction,' it is said in R.C.L.,

*supra,* 'to make such orders and issue such writs as may be necessary and essential to carry the judgment or decree into effect and render it binding and operative.' This power was recognized by the decision of this court in *Meeks* v. *State,* 80 Ark. 579, where we upheld an order of the chancery court committing the appellant for contempt on account of failure to comply with an order of the court for the delivery of property. That was an order made by the chancery court, but there is no distinction between the inherent powers of courts of superior jurisdiction in regard to the enforcement of their judgments. Courts of chancery afford peculiar remedies not available at law, but the power to enforce a decree or judgment inheres in all courts of superior jurisdiction, regardless of the peculiar remedies which may be offered by each.

The rule is defined in 42 Am. Jur. 2d *Injunctions* § 11, p. 737:

A court, once having obtained jurisdiction of a cause of action, has, as incidental to its general jurisdiction, inherent power to do all things reasonably necessary to the administration of justice in the case before it. In the exercise of this power, a court may, when it is necessary in order to protect or preserve the subject matter of the litigation, to protect its jurisdiction, and to make its judgment effective, grant or issue a temporary injunction in aid of or ancillary to the principal action.

The majority relies on *Morgan Utilities, Inc.* v. *Perry,* 183 Ark. 542, 37 S.W.2d 74 (1931), which, in response to a challenge to chancery court's jurisdiction, said only that it was clear chancery had jurisdiction of the matter under Ark. Code Ann. § 16-66-418 (1987). The court in *Morgan* did not hold, nor was the question before it, that jurisdiction was exclusive in that court.

*Monette Road Imp. Dist.* v. *Dudley,* 144 Ark. 169, 222 S.W. 69 (1920), cited in the concurring opinion, also deals with jurisdiction of the subject matter and does not hold that circuit court, where it has jurisdiction, may not issue affirmative orders ancillary to its jurisdiction. In fact, dictum in the *Monette* opinion pointedly recognizes that possibility:

If the [circuit] court had jurisdiction to hear and deter-

mine the cause on the facts stated and grant the relief sought, it could temporarily stay proceedings by injunction as an incident to the exercise of its jurisdiction.

Moreover, ARCP Rule 65(a)(2)(c) expressly provides that when a court issues a temporary injunction it may be made permanent upon good cause shown.

Admittedly, actions for an injunction are of equitable cognizance, but it does not follow that a court of law, having jurisdiction over the parties and the subject matter, may not in furtherance of that jurisdiction issue such orders as are necessary to grant complete relief.

I would affirm the circuit court.

PURTLE, J., joins this dissent.